Toby Butterfield
Andrew D. Jacobs
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue, 10th Floor
New York, New York 10022
Tel: (212) 980-0120
Fax: (212) 593-9175
tbutterfield@fkks.com
ajacobs@fkks.com

*Attorneys for Plaintiff*



14 CV 2710

RECEIVED
APR 1 0 2014
U.S.D.C. S.D. N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

PENSHURST TRADING INC. d/b/a
JULISKA,

                Plaintiff,

       v.

ZODAX L.P.

               Defendant.

------------------------------------------------X

Civil Action No.

**COMPLAINT AND
JURY DEMAND**

Plaintiff Penshurst Trading, Inc. d/b/a Juliska ("Juliska" or "Plaintiff"), through its

attorneys, Frankfurt Kurnit Klein & Selz, P.C., hereby alleges as its Complaint against Zodax

L.P. ("Zodax" or "Defendant"), as follows:

## NATURE OF THE ACTION

1.    Plaintiff Juliska seeks injunctive relief and damages under the laws of the United

States and the State of New York for acts of trademark infringement and unfair competition

engaged in by Defendant.

## JURISDICTION AND VENUE

2.    This action arises under the Lanham Trademark Act of 1946, 15 U.S.C. §§ 1051

et seq. (the "Lanham Act"), New York General Business Law § 360-*l*, and the common law of

the State of New York.

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the State law claims pursuant to 28 U.S.C. § 1367.

4.    This Court has personal jurisdiction over Defendant pursuant to N.Y. Civ. Prac. L. & R. §§ 301 and 302(a)(1)-(3).

5.    Venue of this action is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

## PARTIES

6.    Plaintiff Juliska is a domestic corporation organized and existing under the laws of Connecticut with its principal place of business at 465 Canal Street, Stamford, CT 06902, and qualified to do business in this state. Juliska sells and distributes high quality glassware, tableware and related products in New York and this judicial district through authorized luxury retail dealers, such as Neiman Marcus, Bergdorf Goodman, Bloomingdales, Barneys New York, Saks Fifth Avenue. Plaintiff sells its goods throughout the United States and internationally.

7.    Defendant Zodax L.P. is a limited partnership organized and existing under the laws of California with its principal place of business at 14040 Arminta Street, Panorama City, California 91402. Upon information and belief, Zodax sells and distributes products including glassware and tableware and conducts business in this judicial district.

8.    Upon learning the identity of any third parties who designed and manufactured the infringing goods complained of herein for Zodax, or supervised or directed infringing activity and therefore also have liability along with Defendant for the infringing products, Plaintiff will seek to amend the complaint to add those third parties as additional Defendants accordingly.

2

## FACTS

### The Juliska® Trademarks and Trade Dress

9.      Plaintiff Juliska repeats and realleges each and every allegation contained in paragraphs 1 through 8 above as if fully set forth herein.

10.     Juliska is a designer and retailer of high end, luxury tableware and glassware, among other things. This tableware and glassware is famous with industry professionals and with collectors and buyers of such goods throughout the U.S.A. for its excellent craftsmanship, high quality and signature style. Juliska's tableware and glassware, which products include but are not limited to mugs, saucers, cups, bowls, plates, platters, wine glasses, pitchers, bakeware, tablecloths and napkins (the "Juliska® Products") are sold throughout the world under the brand name Juliska®.

11.     Juliska has the sole and exclusive right to distribute Juliska® Products both in the United States of America and internationally.

12.     Juliska owns all right, title and interest to the Juliska® name, which is registered with the United States Patent and Trademark Office (USPTO) as Registration Nos. 3019690 and 4165392 for glassware, namely, beverage glasses, stemware, decanters, pitchers, vases, carafes, bowls, votives and hurricanes; dinnerware, namely, dishes, plates, bowls, platters, and trays; servingware, namely, serving dishes, serving plates, serving platters, serving bowls, serving trays, serving spoons, serving forks, serving tongs; flatware, namely, forks, knives, spoons, and spreaders; lighting fixtures, namely, table lamps, lamp shades, and lamp finials; table linens, namely, place mats and napkins; and candles.

13.     Juliska also owns all right, title and interest to the trade dress for its unique and distinctive "Berry and Thread" design, which appears on a line of Juliska® Products bearing that

name, and on many other lines of Juliska® Products. The Berry and Thread design is entirely non-functional. It consists of the unique combination of raised, circular clusters of rounded dots, creating berry shapes, and curved or scalloped double lines with diagonal, evenly spaced slashes between the lines, creating a thread or rope shape (the "Berry and Thread Trade Dress").

14.     The Berry and Thread Trade Dress appears as approximately three configurations, but each configuration maintains the same overall look and feel that comprise the distinctive Berry and Thread Trade Dress. The configurations are the following: (i) a scalloped spiral thread design, with a "berry" shape appearing on or around the point of the scallop; (ii) curved lines of thread with "berries" on or adjacent to the thread; and (iii) a line of thread forming a circle, with a single "berry" in the center of the circle. Juliska® Products bearing the Berry and Thread Trade Dress maintain a consistent visual impression on the consumer, in that elements of both berry and thread are present throughout every table setting, and Juliska's distinctive "berry" and "thread" are always raised and textured.

15.     Juliska designed and commenced the marketing, sale, and distribution of Juliska® Products bearing the Berry and Thread Trade Dress in 2001. Juliska has been using the Berry and Thread Trade Dress consistently in connection with Juliska® Products since that time.

16.     Juliska has continuously marketed, offered for sale, and sold Juliska® Products bearing the Berry and Thread Trade Dress in interstate commerce in the United States since 2001.

17.     Juliska maintains a website for the purpose of displaying, advertising, and offering for sale its Juliska® Products, including those which incorporate the Berry and Thread Trade Dress, at www.juliska.com (the "Juliska® Website"). A copy of various Juliska® Products that

incorporate the Berry and Thread Trade Dress as they are displayed on the Juliska® Website is annexed as Exhibit 1.

18.     Juliska intends to continue to use the Berry and Thread Trade Dress in connection with all aspects of its business and, in particular, in all aspects of the manufacturing, selling, merchandising, promoting and displaying its Juliska® Products.

19.     Juliska's business policy with regard to the Berry and Thread Trade Dress is to protect and maintain its reputation for use only in connection with merchandise of the highest quality, and to ensure that any goods or services associated in any manner, shape or form with the Berry and Thread Trade Dress, alone or in combination, will be identified by purchasers as goods or services emanating from, licensed by, sponsored or authorized by a single source.

20.     Juliska monitors the quality and luxury standards for the products identified by the Berry and Thread Trade Dress. For example, Juliska only sells its Juliska® Products in high end, luxury retail outlets such as Saks Fifth Avenue, Neiman Marcus, Bergdorf Goodman and Bloomingdales, at its flagship store in Connecticut and at carefully selected Juliska® retailers. Juliska selects these approved retailers of Juliska® Products by reference to the appearance and location of the store, the style and quality of the display of Juliska® Products and by the up-market, stylish conditions in which products bearing the Berry and Thread Trade Dress must be sold or offered to the public. Any potential retailers must meet Juliska's strict application requirements.

21.     The Juliska® Products that incorporate the Berry and Thread Trade Dress have been widely advertised to the purchasing public and to industry professionals throughout the United States by all means and all types of advertising media, including online through the Juliska Website, newspapers, magazines and trade publications. Juliska® Products incorporating

5

the Berry and Thread Trade Dress have been featured in well-known magazines such as *Elle Decor*, *House Beautiful*, *European Homes and Gardens*, *In Style*, *Martha Stewart Weddings*, *Bon Appetit*, *Oprah*, *Southern Living*, *Sophisticated Living*, *W Magazine*, and *Traditional Home*, such that the Berry and Thread Trade Dress have become famous throughout the United States and New York.

22.     Juliska and its authorized retailers have expended enormous sums of money in promoting the Berry and Thread Trade Dress. As a result of such activities, both the industry professionals and the public at large have come to identify the Berry and Thread Trade Dress with a single source, Juliska; and the Berry and Thread Trade Dress has developed a secondary meaning associating it with that source. During the 13 years in which Juliska has been building the high-quality name and reputation associated with the Berry and Thread Trade Dress, it has consistently invested in advertising and promotion. For example, over the period 2001-2014, Juliska and its various approved retailers of Juliska® Products, have placed national and regional advertising costing many millions of dollars in the aggregate. This advertising features and promotes the Berry and Thread Trade Dress throughout the United States and consists of all types of advertising media, including website, newspapers, magazines, trade publications, and the like.

23.     In addition to its own extensive expenditures on advertising, Juliska also uses various other forms of promotion of its products bearing the Berry and Thread Trade Dress.

25.     As a result of Juliska's enormous advertising and promotional efforts, its extensive sales and the wide public display of Juliska® Products bearing the Berry and Thread Trade Dress, the Berry and Thread Trade Dress has become among the most well-known and famous trade dress by high end luxury retail buyers and industry professionals.

24. From a marketing and promotional standpoint, the Berry and Thread Trade Dress is highly successful, distinctive, and has created instant recognition and association with a single source. Products bearing the Berry and Thread Trade Dress are recognized by industry professionals and collectors and buyers of such goods as being associated with only items of the highest style and of the highest quality, which are sold under the best merchandising and customer service conditions. As a result thereof, the Berry and Thread Trade Dress, and the goodwill associated therewith, are of inestimable value.

25. In 2011, Juliska incorporated the Berry and Thread Trade Dress as an integral component of a new Juliska® "designs plus words" mark, reproduced below, which is registered with the USPTO as Registration No. 4418994 (the "Registered Mark," a copy of which is Exhibit 2). The description of the Registered Mark explicitly includes the Berry and Thread Trade Dress, including a "scalloped double border . . . with diagonal, evenly spaced slashes between the lines creating a thread or rope design," and "circular cluster[s] of rounded dots creat[ing] berry shapes." Ex. 2. Juliska owns all right, title and interest to the Registered Mark, which it has used on a variety of products, including serving platters, and otherwise in connection with the advertising and promotion of Juliska® Products.



26. Juliska has continuously marketed, offered for sale, and sold Juliska® Products bearing the Registered Mark, which prominently features the Berry and Thread Trade Dress, since 2012.

27. Whenever Juliska has become aware of competitors who have sought to employ designs which incorporate the elements of the Berry and Thread Trade Dress or Registered Mark (together, the "Juliska Marks"), Juliska has formally notified them of its rights to the Juliska Marks and demanded that they cease using it and acknowledge Juliska's exclusive rights thereto. In the rare case in which a competitor has refused to do so, Juliska has vindicated its rights by way of litigation. As a result of these enforcement efforts, except for Zodax's acts complained of herein, Juliska is the exclusive source of tableware and glassware bearing the Juliska Marks.

## Defendant's Unlawful Activities

28. Unfortunately, the popularity and success of this carefully protected property has created a huge market for cheap knock-offs and illicit goods utilizing the trade dress owned by Juliska and incorporated into the Registered Mark. Juliska receives frequent reports of low-end distributors selling unauthorized goods utilizing designs that are confusingly similar to its Berry and Thread Trade Dress.

29. Juliska has taken vigorous steps to enforce its intellectual property rights, generally through the procurement of voluntary cessation of infringing activities. Juliska has sent out cease and desist letters over the years in order to enforce its rights.

30. Zodax is well aware of Juliska's history of enforcement. During the week of August 20, 2012, at the New York Gift Show, Juliska CEO David Gooding noticed that Zodax was displaying and offering for sale plastic knock-offs of Juliska® Products prominently featuring a low quality reproduction of the Berry and Thread Trade Dress. Mr. Gooding

confronted Zodax's Vice President Edward Cohanim at the show, notified him of Juliska's rights, showed him Juliska's identical products, and informed him that Zodax's copies were directly infringing. At that time, Mr. Cohanim agreed that Zodax would immediately discontinue its copies of the Berry and Thread Trade Dress.

31.     Recently, Juliska became aware that Zodax had willfully resumed its infringing activity, once again offering for sale cheap knock-offs featuring designs intended to mimic exactly Plaintiff's Berry and Thread Trade Dress.

32.     Particularly, Defendant has copied the unique combination of rounded, raised berry shaped symbols and looping spiral ribbed cords or threads of Plaintiff's famous Berry and Thread Trade Dress and incorporated the design into their own inferior plastic products, including wine glasses, highball glasses, and vases (the "Infringing Products"). A side by side comparison of Defendant's Infringing Products and Plaintiff's products is annexed hereto as Exhibit 3.

33.     Upon information and belief, Zodax is, and has been, displaying these Infringing Products at trade shows and selling these Infringing Products to Zodax's clients across the country.

34.     On February 24, 2014, Plaintiff's counsel sent a letter to Zodax demanding that Zodax cease and desist from any further production, distribution, marketing and promotion of the Infringing Products, and account to Juliska for all infringing profit made off of sales of the Infringing Products. Juliska also demanded that Zodax provide written confirmation of its intention to comply with these demands by March 3, 2014. A copy of this letter is annexed hereto as Exhibit 4.

35.     On March 10, 2014, Defendant's counsel responded to the cease and desist letter, denying that the Infringing Products infringed on the Juliska Marks and also denying its prior infringement in 2012.

36.     On March 25, 2014, Plaintiff's counsel replied to the March 10, 2014 letter, noting the blatant incorrectness of Zodax factual and legal positions and stating Juliska's intention to commence suit in this judicial district on April 4, 2014, unless Zodax agreed to the terms of the February 24 cease and desist letter.  A copy of this letter is annexed hereto as Exhibit 5.

37.     Subsequent discussions between Plaintiff's counsel and Defendant's counsel led Plaintiff's counsel to extend the date of commencement of suit three times, ultimately until April 16, 2014.  Copies of the letters memorializing these extensions are annexed hereto as Exhibit 6.

38.     To date, Zodax has refused to acknowledge Juliska's rights in the Juliska Marks or comply with Juliska's February 24, 2014 cease and desist letter.

39.     Zodax's continued use of the Juliska in the manner described above is intended, and is likely, to cause confusion in the marketplace in that actual and prospective customers of Zodax are likely to believe that Zodax Infringing Products are associated with, connected to, approved, or endorsed by Juliska.

40.     By reason of Zodax's conduct, Juliska has suffered damage to its business, reputation, and goodwill. Unless restrained and enjoined, Zodax will continue to do the acts complained of herein, all to Juliska's irreparable harm. Juliska's remedy at law is not adequate to compensate it for the injuries Juliska has incurred and will continue to incur unless Zodax is enjoined.

## COUNT I

### (Infringement of Trade Dress — Lanham Act § 43)

41. Plaintiff incorporates paragraphs 1 through 40 as if fully set forth herein.

42. Plaintiff has all of the right, title and interest to enforce rights in the Berry and Thread Trade Dress, and holds the exclusive right and license to market and sell Juliska® Products bearing the Berry and Thread Trade Dress in the United States.

43. Plaintiff has expended considerable sums of money in promoting the Berry and Thread Trade Dress in connection with glassware and related products. As a result of such authorized activities, both the trade and the public at large have come to identify the Berry and Thread Trade Dress with a single source, and Plaintiff's Berry and Thread Trade Dress has developed a secondary meaning associating the Berry and Thread Trade Dress with that source.

44. Defendant's conduct, as described here, constitutes false designation of origin and is likely to cause confusion, cause mistake, or to deceive consumers as to the source, origin and sponsorship of the Defendant's goods.

45. Upon information and belief, Defendant's activities have caused and will cause actual confusion with consumers as to the source and origin of such goods.

46. Defendant's conduct has been undertaken with full knowledge of Plaintiff's longstanding and extensive prior use of the Berry and Thread Trade Dress in connection with glassware, tableware, and related goods.

47. Defendant's activities have had and will continue to have a substantial, adverse effect on Plaintiff's existing and projected future interstate business of marketing products and services identified by its registered trademarks and trade dress, and the goodwill of Plaintiff's business connected with the use of, and symbolized by, Plaintiff's trademarks and trade dress.

48. Defendant activities and conduct constitute infringement of Plaintiff's trade dress, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49.     Plaintiff has been and continues to be damaged by Defendant's activities and conduct. Defendant have profited thereby and unless their conduct is enjoined, Plaintiff and its goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages. Plaintiff seeks a temporary restraining order and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

50.     Plaintiff has no adequate remedy at law.

## COUNT II

### (Infringement of Trademark — Lanham Act § 32)

51.     Plaintiff repeats each allegation contained in paragraphs 1 through 50 of this Complaint.

52.     Plaintiff is the valid and exclusive owner of the Registered Mark.

53.     Defendant's distribution, marketing, promotion, offering for sale, and sale in interstate commerce of goods that bear the Registered Mark or integral components thereof, such as the Infringing Products, are likely to cause confusion, mistake, or deception as to the source, affiliation, or sponsorship of Defendant's goods.

54.     Upon information and belief, Defendant's activities have caused and will cause actual confusion with consumers as to the source and origin of such goods.

55.     Defendant's actions have been undertaken with full knowledge of Plaintiff's prior use of the Registered Mark in connection with glassware, tableware, and related goods.

56.     Defendant's activities constitute infringement of Plaintiff's registered trademark, in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

57.     Plaintiff has been and continues to be damaged by Defendant's activities and conduct. Defendant have profited thereby and unless their conduct is enjoined, Plaintiff and its

goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages. Plaintiff seeks a temporary restraining order and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

58.     Plaintiff has no adequate remedy at law.

## COUNT III

### (Common Law Unfair Competition)

59.     Plaintiff repeats each and every allegation contained in paragraphs 1 through 58 of this Complaint.

60.     Defendant's actions as described above have been undertaken with the intention of benefiting from and profiting upon the name and associated good will connected with the Juliska Marks owned by Plaintiff.

61.     The use of the Juliska Marks is intended to and unless restrained by this Court will lead and tends to lead the public to believe that there is a connection or association between Defendant and Plaintiff, when in truth and in fact there is none.

62.     Upon information and belief, Defendant has made and unless enjoined, will continue to make considerable profit as the direct result of their above described actions, which were undertaken in wanton, willful and reckless disregard of Plaintiff's rights.

63.     Defendant's actions as above described injure Plaintiff's reputation and goodwill and expressly mislead the public by falsely imputing a connection or relationship between Defendant's inferior products and services and Plaintiff, will cause Plaintiff to suffer financially, and constitute unfair competition in derogation of the common law of the State of New York.

64.     By reason of the above described acts, Defendant has engaged in unfair competition under and pursuant to the laws of the State of New York and has caused Plaintiff

damage as a direct and proximate result in an amount presently unknown and to be determined at trial.

65.    Defendant has profited thereby and unless their conduct is enjoined, Plaintiff and its goodwill, business reputation and the distinctive quality of the Juliska Marks will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

66.    Plaintiff has no adequate remedy at law.

## COUNT IV

### (Common Law Trademark Infringement)

67.    Plaintiff repeats each and every allegation contained in paragraphs 1 through 66 of this Complaint.

68.    Plaintiff's claims arise under New York common law.

69.    Defendant have used its virtually identical "Berry and Thread" design on products offered to consumers in New York State, and has thus infringed on Plaintiff's exclusive common law trademark rights.

70.    Such conduct is likely to cause confusion, deception and mistake in the minds of members of the public with respect to the origin, source and affiliation of Defendant.

71.    Plaintiff has been and continues to be damaged by Defendant's activities and conduct. Defendant have profited thereby and unless their conduct is enjoined, Plaintiff and its goodwill, business reputation and the distinctive quality of Plaintiff's trade dress will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages.

72.    Plaintiff has no adequate remedy at law.

<u>**COUNT V**</u>

**(Violation of Section 360-*l* of the New York General Business Law)**

73.     Plaintiff repeats each and every allegation contained in paragraphs 1 through 72 of this Complaint.

74.     The Juliska Marks are distinctive and have acquired secondary meaning in the marketplace.

75.     Defendant's acts as described above are likely to dilute, have diluted and, unless enjoined, will continue to dilute the unique and distinctive quality of the Juliska Marks.

76.     Specifically, Defendant's use of designs substantially similar or virtually identical to the Berry and Thread Trade Dress in connection with the advertising, offering for sale and sale of tableware and glassware products blur and dilute Plaintiff's Berry and Thread Trade Dress and the Registered Mark into which it is incorporated.

77.     Alternatively, the shoddy quality of Defendant's products which incorporate a Berry and Thread design tarnish and dilute Plaintiff's trademarks as the purchasing public will associate the lack of quality of Defendant's products with Plaintiff.

78.     Defendant's conduct violates Section 360-*l* of the New York General Business Law.

79.     As a direct and proximate result of Defendant's willful and wanton acts and conduct, Plaintiff's reputation and good will have been damaged.

80.     Defendant's acts and conduct is causing irreparable injury to Plaintiff and to its reputations and good will, and will continue to do so unless enjoined by this Court.

81.     Plaintiff has no adequate remedy at law.

## JURY DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1.      That Defendant has infringed the Berry and Thread Trade Dress in violation of 15 U.S.C. § 1125(a);

2.      That Defendant has infringed the Registered Mark in violation of 15 U.S.C. § 1114(a);

3.      That Defendant have infringed Plaintiff's common law and state statutory rights in the Juliska Marks;

4.      That the Court grant a preliminary and a permanent injunction enjoining and restraining Defendant, its agents, servants, affiliates, employees, attorneys and representatives and all those in privity or acting in concert with them and each and all of them from directly or indirectly using the Juliska Marks or any other mark, word or name which is likely to cause confusion, mistake or deceive the public as follows:

      a.  Manufacturing, distributing, importing, advertising, promoting, holding out for sale and/or selling any products or services bearing the Juliska Marks or any colorable imitations thereof, or otherwise using same;

      b.  Directly or indirectly applying or using on products or services or using in connection with the manufacture, importation, sale, distribution, marketing or promoting thereof the Juliska Marks, or any marks, emblems, logos, decals or terms which in any way imitate or simulate the Juliska Marks, or are derived therefrom;

c. Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Juliska Marks, including any derivation therefrom, in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, importation, circulation or distribution of any infringing products or services in such fashion as to relate or connect, or tend to relate or connect such products or services in any way to Plaintiff, or to any goods or services sold, manufactured, sponsored or approved by, or connected with Plaintiff;

d. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products or services manufactured, imported, distributed, offered for sale or sold by Defendant are in any manner associated or connected with Plaintiff or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

e. Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of any of the Juliska Marks or of Plaintiff's rights in, or rights to use or to exploit, the Juliska Marks, or constituting any dilution of Plaintiff's names, reputations or goodwill; Engaging in any acts or activities directly or indirectly calculated to trade upon or injure the reputation or the goodwill of Plaintiff or in any manner to compete unfairly with Plaintiff by appropriating the distinctive features of the Juliska Marks or associated artwork, formats, and other distinctive creative elements;

f. Using any trade practices whatsoever, including those complained of in this Complaint, which tend to unfairly compete with or injure Plaintiff's business and the goodwill appertaining to Plaintiff's business;

g. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs 4(a) through (g) hereinabove:

5. That pursuant 15 U.S.C. § 1118 the Court order that all labels, signs, prints, advertisements, brochures, letterhead, and all other items bearing the Juliska Marks or any similar combination of images, devices or symbols, including derivations thereof, that are the subject matter of this action, and all means of making the same, be delivered to Plaintiff immediately for destruction;

6. That Defendant be required to pay Plaintiff's damages for the injuries sustained by Plaintiff as a consequence of the acts complained of in this Complaint, together with prejudgment interest;

7. That Defendant be required to account and pay over to Plaintiff damages for any and all revenues derived by Defendant from manufacturing, distributing, and/or selling the accused watches and for all damages sustained by Plaintiff by reason of the acts of trademark and copyright infringement and unfair competition;

8. That Plaintiff be awarded multiple damages for Defendant's willful and wanton violation of Plaintiff's rights;

9. That Defendant be required to pay to Plaintiff all of its litigation expenses including reasonable attorneys' fees and costs for this action;

10.     That Plaintiff have such other and further relief as the Court may deem just and proper; and

11.     Directing that the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

DATED:     New York, New York
           April 16, 2014

                                   FRANKFURT KURNIT KLEIN & SELZ, P.C.

           By:     _____

                                   Toby Butterfield
                                   Andrew D. Jacobs
                                   488 Madison Avenue
                                   New York, New York 10022
                                   (212) 980-0120

                                   *Attorneys for Plaintiff Penshurst Trading Inc. d/b/a
                                   Juliska*

# EXHIBIT 1

 
NEW    GLASS    CERAMICS    TABLE ACCESSORIES    GIFTS    LIGHTING

## GLASS

**Mouth Blown Glass**
- Stemware
- Cocktails
- Pitchers and Carafes
- Bowls and Compotes
- Cake Domes and Pedestals
- Tumblers
- Covered Urns and Canisters
- Hurricanes, Candlesticks and Tea Lights
- Vases
- Accessories

Berry & Thread Glass

Hand Pressed Glass

Sale

Sort By: Bestselling

REGISTRY

Showing 1-18 of 20

1   2   Next >   View All




**Amalia Small Tulip Goblet**
$68.00





**Amalia Large Tulip Goblet**
$74.00



**Amalia Tulip Champagne Flute**
$68.00



**Small White Wine**
$66.00



**Large Red Wine**
$68.00



**Stemless White Wine**
$50.00



**Stemless Red Wine**
$50.00



**Small Footed Goblet**
$79.00

**Large Footed Goblet**
$86.00

**Footed Goblet**
$79.00

**Flute**
$79.00

**Stemless White Wine**
$58.00

**Stemless Red Wine**
$58.00

**Small Tulip Goblet**
$68.00

**Large Tulip Goblet**
$72.00

**Footed Tulip**
$68.00

Showing 1-18 of 20

1    2    Next >    View All

ABOUT US >      COMPANY INFO >      ORDER INFO >      BE INSPIRED >      CONTACT US      FIND A RETAILER >

Email Sign Up   ● ❶ ❷ ❸ ❹ ❺



Login  🛒 Cart  Search        ●

NEW        GLASS        CERAMICS        TABLE ACCESSORIES        GIFTS        LIGHTING

## GLASS

Mouth Blown Glass

Berry & Thread Glass

**Hand Pressed Glass**

Plum

Clear

Delft Blue

Green

Sale

Sort By:  Bestselling

REGISTRY

Showing 1-7 of 7

View Less



**Dessert Plate**
**$29.00**



**Dinner Plate**
**$39.00**



**Dessert Bowl**
**$26.00**



**Footed Goblet**
**$29.00**



**Tumbler**
**$24.00**



**Highball**
**$28.00**



**Pitcher**
**$78.00**

Showing 1-7 of 7                    View Less

 
NEW     GLASS     CERAMICS     TABLE ACCESSORIES     GIFTS     LIGHTING

**GLASS**

Mouth Blown Glass
Berry & Thread Glass
Hand Pressed Glass
Sale





Sort By:   Bestselling        Showing 1-14 of 14        View Less



**Berry & Thread Beer Stein**
$34.00



**Berry & Thread Margarita Glass**
$34.00



**Berry and Thread Footed Goblet**
$32.00



**Berry and Thread Double Old Fashioned**
$25.00



**Berry and Thread Highball**
$29.00



**Berry and Thread Pitcher**
$78.00







**Berry & Thread Small Bowl**
**$28.00**

**Berry & Thread Medium Bowl**
**$48.00**

**Berry & Thread Large Bowl**
**$78.00**







**Berry & Thread Medium Vase**
**$49.00**

**Berry & Thread Large Vase**
**$78.00**

**Berry and Thread Votive**
**$18.00**



**Berry & Thread Medium Hurricane**
**$78.00**

**Berry & Thread Large Hurricane**
**$128.00**

Showing 1-14 of 14                          View Less

ABOUT US >        COMPANY INFO >        ORDER INFO >        BE INSPIRED >        CONTACT US        FIND A RETAILER >

Email Sign Up

# Juliska

Login   Cart   Search

NEW      GLASS      CERAMICS      TABLE ACCESSORIES      GIFTS      LIGHTING

**CERAMICS**

Berry & Thread
- Whitewash
  - Dinnerware
  - Kitchen & Baking
  - Serving
  - Pet
- Ice Blue
- Cappuccino Brown
- Pistachio Green

Field of Flowers

Country Estate

Firenze

Pewter

Quotidien

Le Panier

Jardins du Monde

Classic Bamboo

Sale

Sort By:   Bestselling

REGISTRY

Showing 1-28 of 28      View Less



**Berry & Thread Whitewash 5pc. Place Setting**
$145.00

**Scallop Charger**
$68.00

**Round Charger**
$68.00

**Dinner Plate**
$40.00

**Round Dessert Plate**
$38.00

**Scallop Dessert Plate**
$38.00

**Scallop Tea Plate**
$22.00

**Cereal Bowl**
$34.00



**Mug**
$30.00

**Tea/Coffee Cup**
$25.00

**Scallop Saucer**
$20.00

**Rimmed Soup**
$36.00

**Coupe Pasta Bowl**
$39.00

**Small Coupe Bowl**
$29.00

**Footed Soup**
$30.00

**Berry Bowl**
$28.00

**Breakfast Cup**
$40.00



Espresso Cup
$22.00



Set of 4 Heart Cocktail Plates
$89.00



Ice Cream Compote
$38.00



Salt and Pepper Set
$62.00

Showing 1-26 of 26                      View Less

ABOUT US >      COMPANY INFO >      ORDER INFO >      BE INSPIRED >      CONTACT US      FIND A RETAILER >

# EXHIBIT 2

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,418,994**

**Registered Oct. 15, 2013**

**Int. Cl.: 21**

**TRADEMARK**

**PRINCIPAL REGISTER**

PENSHURST TRADING, INC. (NEW YORK CORPORATION)
465 CANAL STREET
STAMFORD, CT 06902

FOR: SERVING PLATTERS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 5-1-2012; IN COMMERCE 5-1-2012.

OWNER OF U.S. REG. NO. 3,019,690.

THE MARK CONSISTS OF THE WORD "JULISKA" APPEARING IN SCRIPT LETTERING, WITH THE "J" CAPITALIZED, AND THE REST OF THE LETTERS IN LOWERCASE. THE WORD "JULISKA" IS SURROUNDED BY A SCALLOPED DOUBLE BORDER, CURVING TO THREE POINTS, WITH DIAGONAL, EVENLY SPACED SLASHES BETWEEN THE LINES CREATING A THREAD OR ROPE DESIGN. AT EACH POINT OF EACH OF THE THREE SCALLOPED EDGES, THE SCALLOPS COME TO A POINT, AND A CIRCULAR CLUSTER OF ROUNDED DOTS CREATE BERRY SHAPES ON THE INTERIOR OF THE THREAD OR ROPE DESIGN. A SINGLE LINE BORDER SURROUNDS THE THREAD DESIGN.

SN 85-338,577, FILED 6-6-2011.

ANGELA DUONG, EXAMINING ATTORNEY



Deputy Director of the United States Patent and Trademark Office

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an
> Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse)  and an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date).  The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration.  *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE:   Fees and requirements for maintaining registrations are subject to change.   Please check the
USPTO website for further information.   With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at http://www.uspto.gov.**

# EXHIBIT 3

# Juliska® Stemless White Wine Glass:



# Zodax Infringing Product:



**Juliska® Large Tulip Goblet:**



**Zodax Infringing Product:**





# Juliska® Mini Vase Trio:



**Zodax Infringing Product:**





# EXHIBIT 4

# FRANKFURT KURNIT KLEIN & SELZ pc

488 Madison Avenue
New York, New York 10022
Telephone:     (212) 980-0120
Facsimile:     (212) 593-9175

Toby M.J. Butterfield
Direct dial:     (212) 826-5567
e-mail:     tbutterfield@fkks.com

February 24, 2014

**VIA FEDEX AND EMAIL** ecohanim@zodax.com

Zodax L.P.
Attention: Edward Cohanim, Vice President
14040 Arminta Street
Panorama City, CA 91402

Re:     Penshurst Trading Inc. d/b/a Juliska adv. Zodax L.P.

Dear Mr. Cohanim:

This firm represents Penshurst Trading, Inc. d/b/a Juliska ("Juliska"), and we write to place you on notice of Juliska's claims against Zodax L.P. ("Zodax") under §§ 32 and 43(a) of the Lanham Act and state laws arising from its blatant infringement of Juliska's registered trademark and trade dress rights.

In August 2012, our client discovered that Zodax was producing and distributing infringing products bearing the "Berry and Thread" trade dress that Juliska uses on its most well-known and most successful products (the "Berry and Thread Trade Dress"). When our client confronted Zodax with its clear infringement, Zodax immediately withdrew the products from the market. However, our client recently learned that Zodax has resumed its willful and blatant infringement upon Juliska's rights. Juliska hereby demands that Zodax immediately cease and desist activities that violate Juliska's intellectual property rights, withdraw the infringing products from its stores, catalogues and website, and immediately account for and deliver up to Juliska all revenues from infringing sales.

## The Juliska® Trademarks and Trade Dress

As further described below, Juliska creates and distributes high-quality stemware and tableware throughout the United States under the registered trademark Juliska®. Products designed by and bearing the Juliska® brand are currently distributed at more than 1000 premium retailers nationwide, including luxury retailers such as Neiman Marcus, Bergdorf Goodman, Bloomingdales, Barneys New York, and Saks Fifth Avenue, and selected distributors abroad, as well as in its own flagship store in Connecticut. Juliska also displays its stemware and tableware on the website www.Juliska.com. Juliska's branded products are regularly featured in the pages of the best known magazines and publications featuring luxury designer brands of housewares.

In the last three months alone, Juliska has appeared prominently in "Southern Living," "Sophisticated Living," and "W Magazine."

As Zodax is obviously well aware, in addition to trademark rights in the term Juliska® registered at the U.S. Patent and Trademark Office (Reg. Nos. 4165392 and 0884994), Juliska owns all right, title and interest to the trade dress for its unique and distinctive "Berry and Thread" design (the "Berry and Thread Trade Dress"), which consists of the unique combination of rounded berry-shapes combined with looping spiral ribbed cords or threads. Juliska registered the Juliska® mark and the Berry and Thread Trade Dress with the U.S. Patent and Trademark Office (Reg. No. 4418994) (the "Registered Mark," a copy of which is Exhibit 1).

Juliska has successfully and consistently employed the Berry and Thread Trade Dress on products for over twelve years. As a result, it constitutes trade dress with secondary meaning in the marketplace protected under § 43(a) of the Lanham Act. Wal-Mart Stores, Inc. v. Samara Bros., Inc., 529 U.S. 205, 214-15 (2000). Secondary meaning is determined using a list of factors such as advertising expenditures, sales success, unsolicited media coverage of the product, attempts to counterfeit or "knock off" the trade dress, and the length and exclusivity of the use of the trade dress. Meese, Inc. v. Int'l Leisure Prods., Inc., 2003 U.S. Dist. LEXIS 22036 *6 (S.D.N.Y. 2003).

The Berry and Thread Trade Dress acquired secondary meaning long ago. Juliska has used the Berry and Thread Trade Dress continuously and exclusively since it first launched the Juliska® line over twelve years ago. Juliska invested substantial resources on multiple national advertising and promotional campaigns to confirm consumers' association between the Berry and Thread Trade Dress and Juliska. The Berry and Thread Trade Dress has enjoyed nationwide and international sales success on high quality ceramic, glass, linen and other products. It has been the subject of extensive and unsolicited media coverage, and has been featured in such magazines as "Elle Décor," "House Beautiful," "European Homes & Gardens," "In Style," "Martha Stewart Weddings," "Bon Appetit" and "Oprah."

For twelve years, Juliska has strictly controlled the distribution of products bearing the Registered Mark and the Berry and Thread Trade Dress to carefully chosen retailers of selected markets. As Zodax knows from firsthand experience, those who have attempted to infringe on Juliska's rights in the Registered Mark or Berry and Thread Trade Dress have, at Juliska's insistence, ceased infringement and acknowledged Juliska's rights in its marks. Customers and buyers in those high-end retail establishments recognize Juliska's marks as indications that products bearing it emanate from Juliska.

Through its longstanding use of the Berry and Thread Trade Dress, Juliska has also established rights in the appearance of the products which bear the Registered Mark or the Berry and Thread Trade Dress. The appearance of these products, combined with the Berry and

Thread Trade Dress and that element of the Registered Mark (hereinafter referred to collectively as "Juliska's Marks") combine to indicate to consumers that products bearing them are created by Juliska.

## Zodax's Infringing Products

With obvious intent to target Juliska's products, Zodax is once again producing and/or distributing cheap "knock-offs" of Juliska's glassware products bearing the Berry and Thread Trade Dress (the "Infringing Products"). Side-by-side comparisons of Juliska's original products – its Stemless White Wine Glass, Large Tulip Goblet and Mini Vase Trio – and the Infringing Products are attached as Exhibits 2-4. Zodax's Infringing Products are inferior, cheaper imitations of the painstakingly designed and hand-made products which consumers associate with the Juliska® brand and with Juliska. Zodax is selling these inferior Infringing Products throughout the United States and abroad.

There is a strong likelihood of confusion of source or sponsorship of the Infringing Products with Juliska's protected products. The Infringing Products contain the unique combination of rounded fruit-shaped symbols and looping spiral ribbed cords or threads which constitute the Berry and Thread Trade Dress. They are shaped nearly identically as Juliska's equivalent products, and they employ the Berry and Thread Trade Dress in a nearly identical manner. For example, as illustrated in Exhibits 2 and 3, Zodax's infringing glasses mimic exactly the Berry and Thread Trade Dress design patterns and the distinctive shapes of equivalent glasses in Juliska's Mouth Blown Glass line. Similarly, as illustrated in Exhibit 4, Zodax's infringing vases are virtually indistinguishable in shape from Juliska's Mini Vase Trio, feature Juliska's Berry and Thread Trade Dress and exactly copy the other design features of Juliska's products. Juliska's products and the Infringing Products are marketed in similar channels of commerce, namely via stores selling directly to consumers and via the internet and other overlapping channels of trade.

The startling similarities between Zodax's Infringing Products and Juliska's products cannot be coincidental. There is no reason for Zodax to adopt Juliska's Marks other than to capitalize on our client's success. Zodax's history of infringing on Juliska's rights in the Juliska Marks demonstrates its continuing intention to prey on Juliska's good will.

## Demand for Immediate Remediation

Zodax's use of Juliska's Marks in the Infringing Products violates §§ 32 and 43(a) of the Lanham Act, along with state law unfair competition and unjust enrichment prohibitions. Zodax has damaged Juliska's Marks through its propagation and offering for sale of its cheap, inferior Infringing Products. Juliska is entitled, among other things, to statutory damages under § 35 of

the Lanham Act, actual damages, infringing profits and attorneys fees.  To avoid further legal action in this matter, Juliska hereby demands that Zodax take the following steps:

**Cease and Desist**.  Cease and desist from any further production, distribution, marketing or promotion of the Infringing Products;

**Withdraw**.  Remove all references or samples of the Infringing Products from any trade shows or show rooms, including any trade shows in progress;

**Account**.  Provide a complete accounting of all Infringing Products sold and distributed to date, including price, quantity and customer, which infringing profit Zodax must deliver up to Juliska;

**Maintain**.  Institute a litigation hold on all documents and/or computerized records which pertain to the design, ordering, sourcing, advertising and sale of Infringing Products, whether in the possession, custody or control of Zodax, or of those acting as agents or in concert with either of them; and

**Confirm**.  Signify Zodax's intention to comply with these demands in writing not later than close of business on March 3, 2014.

If Zodax does not comply with the above, Juliska is entitled to and may initiate immediate litigation to obtain its full legal rights and remedies against Zodax, all of which are hereby expressly reserved.

Very truly yours,

Toby M.J. Butterfield

cc:    Andrew Jacobs, Esq.


Enclosures

# EXHIBIT 5

# FRANKFURT KURNIT KLEIN & SELZ PC

488 Madison Avenue
New York, New York 10022
Telephone:    (212) 980-0120
Facsimile:    (212) 593-9175

Toby M.J. Butterfield
Direct dial:    (212) 826-5567
e-mail:    tbutterfield@fkks.com

March 25, 2014

**VIA FEDEX AND EMAIL ksarvaiya@socalip.com**
M. Kala Sarvaiya, Esq.
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362

> Re:    Penshurst Trading Inc. d/b/a Juliska adv. Zodax L.P.

Dear Ms. Sarvaiya:

Thank you for your March 10, 2014 letter stating Zodax's current position.

We disagree completely with your characterization of Zodax's current and prior infringement and your application of the relevant law. Reputable manufacturers of glassware, including Villeroy & Boch and others, have recognized Juliska's rights when Juliska has notified them of their infringing use of Juliska's Berry and Thread Trade Dress. Juliska's CEO David Gooding confronted Zodax's Vice President Edward Cohanim at the New York Gift Show during the week of August 20, 2012, notified him of Juliska's rights, showed him Juliska's identical products, and informed him that Zodax's copies were directly infringing. At that time, Mr. Cohanim agreed that Zodax would immediately discontinue its copies of the Berry and Thread Trade Dress. Zodax nevertheless continued its willful infringement in direct violation of its Vice President's undertaking. It is therefore unsurprising that your letter does not dispute that Zodax's Infringing Products are knock-offs of Juliska's products and that they trade off the good will acquired by Juliska over the last twelve years.

We could respond point-by-point to the rest of your letter, but the extreme nature of your position suggests that doing so would be futile. Accordingly, unless your client is willing to resolve the matter as described in my prior letter, our client has authorized us to commence litigation against Zodax and those acting in concert with it to obtain Juliska's full legal rights and remedies for the infringing conduct, including appropriate injunctive relief. We will file our complaint on April 4, 2014 in the Southern District of New York. Please advise your client.

Very truly yours,

Toby M.J. Butterfield

cc:    Andrew Jacobs, Esq.

# EXHIBIT 6

**FRANKFURT KURNIT KLEIN & SELZ** PC

488 Madison Avenue
New York, New York 10022
Telephone:    (212) 980-0120
Facsimile:    (212) 593-9175

Toby M. J. Butterfield
Direct dial:    (212) 826-5567
e-mail:    tbutterfield@fkks.com

April 3, 2014

**VIA FEDEX AND EMAIL** ksarvaiya@socalip.com

M. Kala Sarvaiya, Esq.
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362

> Re:    Penshurst Trading Inc. d/b/a Juliska adv. Zodax L.P.

Dear Ms. Sarvaiya:

I am writing pursuant to your telephone conversation with my colleague Andrew Jacobs earlier today in the above matter. Thank you for confirming in that call that Zodax has instituted a litigation hold, as requested in my letter dated February 24, 2014.

This is to confirm that as a result of that telephone conversation, our client has authorized us to extend the date for filing of the complaint mentioned in my March 25, 2014 letter to you from April 4, 2014 to April 9, 2014, so that your client can provide us with the additional information you promised to provide. This is without prejudice to our client's rights, remedies and defenses at law and in equity, all of which are hereby expressly reserved.

Very truly yours,

Toby M.J. Butterfield

cc:    Andrew D. Jacobs, Esq.

# FRANKFURT KURNIT KLEIN & SELZ PC

488 Madison Avenue
New York, New York 10022
Telephone: (212) 980-0120
Facsimile: (212) 593-9175

Toby M. J. Butterfield
Direct dial: (212) 826-5567
e-mail: tbutterfield@fkks.com

April 9, 2014

**VIA FEDEX AND EMAIL ksarvaiya@socalip.com**

M. Kala Sarvaiya, Esq.
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362

      Re:    Penshurst Trading Inc. d/b/a Juliska adv. Zodax L.P.

Dear Ms. Sarvaiya:

      This is to confirm that our client has authorized us to extend the date for filing of the complaint mentioned in my March 25, 2014 letter to you from April 9, 2014 to April 14, 2014, so that your client can provide us with the additional information you promised to provide. This will be our client's final extension. This is without prejudice to our client's rights, remedies and defenses at law and in equity, all of which are hereby expressly reserved.

      Very truly yours,

      Toby M.J. Butterfield

cc:    Andrew D. Jacobs, Esq.

# FRANKFURT KURNIT KLEIN & SELZ PC

488 Madison Avenue
New York, New York 10022
Telephone: (212) 980-0120
Facsimile: (212) 593-9175

Toby M. J. Butterfield
Direct dial: (212) 826-5567
e-mail: tbutterfield@fkks.com

April 10, 2014

**VIA FEDEX AND EMAIL** ksarvaiya@socalip.com

M. Kala Sarvaiya, Esq.
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362

     Re:    Penshurst Trading Inc. d/b/a Juliska adv. Zodax L.P.

Dear Ms. Sarvaiya:

     In light of the religious nature of your request for further delay, our client has authorized us to extend the date for filing of the complaint mentioned in my March 25, 2014 letter to you from April 14, 2014 to April 16, 2014. This is without prejudice to our client's rights, remedies and defenses at law and in equity, all of which are hereby expressly reserved.

     Very truly yours,

     Toby M.J. Butterfield

cc:    Andrew D. Jacobs, Esq.