UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PENSHURST TRADING INC.,

                Plaintiff,

-v-

ZODAX LP,

                Defendant.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/14

No. 14 Civ. 2710 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    This case has been assigned to my docket and shall be conducted in accordance with the Southern District of New York's Pilot Project Regarding Case Management Techniques for Complex Civil Cases (the "Pilot Project"), which is available at: http://nysd.uscourts.gov/rules/Complex_Civil_Rules_Pilot.pdf. However, the parties are directed to comply with Rules 1 and 2 of the Court's Individual Practices, which can be found at http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=551.

    The parties are HEREBY ORDERED to appear for an initial conference on June 27, 2014, at 11:30 a.m. in Courtroom 905 of the United States District Court for the Southern District of New York, 40 Foley Square Street, New York, New York.

    IT IS FURTHER ORDERED THAT, by June 20, 2014, at 4:00 p.m., the parties shall jointly submit a letter, not to exceed five (5) pages, providing the following information in separate paragraphs:

(1) A brief statement of the nature of the action and the principal defenses thereto;

(2) A brief explanation of why jurisdiction and venue lie in this Court;

(3) A brief description of all outstanding motions and/or outstanding requests to file motions;

(4) A brief description of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations;

(5) Preliminary issues that are likely to arise that will require court intervention;

(6) Proposed discovery including:

   a. Whether initial disclosures pursuant to Rule 26(a)(1) should be made in whole or in part and whether there is some readily identifiable document or category of documents that should be produced immediately in lieu of initial disclosures;

   b. Possible stay or limitation of discovery pending a dispositive motion;

   c. Limitations on document preservation, including electronically stored information;

   d. Limitations on types of discovery beyond those in the Rules;

   e. Limitations on the scope of discovery;

   f. Limitations on the timing and sequence of discovery;

   g. Limitations on restoration of electronically-stored information;

   h. Limitations on depositions, whether by numbers or days of depositions, and by the elimination of expert depositions

   i. Any agreement to allow depositions of trial witnesses named if not already deposed;

   j. Preservation depositions;

   k. Foreign discovery and issues anticipated.

   l. Whether the parties recommend that expert discovery precede or follow any summary judgment practice.

(7) Damages, including computation issues and the timing of damages discovery;

(8) A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

(9) The estimated length of trial; and

(10) Any other information that you believe may assist this Court in resolving this action.

IT IS FURTHER ORDERED THAT, by June 20, 2014, at 4:00 p.m., the parties shall submit to the Court a proposed case management plan and scheduling order. A template is attached to this Order. Should the parties contemplate electronic discovery, they shall also submit a Joint Electronic Discovery Submission, a template for which can be found at Exhibit B to the Pilot Project.

The status letter and the proposed case management plan should be e-mailed to my chambers at the following email address: sullivannysdchambers@nysd.uscourts.gov. Please consult my Individual Rules with respect to communications with chambers and related matters.

Plaintiff is ordered to serve Defendant with a copy of this Order and file a certificate of service on ECF indicating that this service was effectuated. Defendant shall thereafter file a notice of appearance through ECF.

SO ORDERED.

Dated:   April 30, 2014
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____,

                       Plaintiff[s],

-v-

_____,

                       Defendant[s].

No. \_\_\_\_ Civ. _____ (RJS)
CASE MANAGEMENT PLAN AND
SCHEDULING ORDER

RICHARD J. SULLIVAN, District Judge:

       Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order.

1. All parties (consent) (do not consent) to disposition of this case by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c). [*Please circle one.*] [*If all consent, the remainder of the Order need not be completed at this time.*]

2. This case (is) (is not) to be tried to a jury. [*Please circle one.*]

3. No additional parties may be joined except with leave of the Court.

4. Amended pleadings may not be filed except with leave of the Court.

5. Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than _____. [*Absent exceptional circumstances, within fourteen (14) days of the date of the parties' conference pursuant to Rule 26(f).*]

6. All *fact* discovery is to be completed no later than _____. [*A period not to exceed 120 days unless the case presents unique complexities or other exceptional circumstances*].

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 6 above.

    a. Initial requests for production of documents shall be served by _____.

    b.    Interrogatories shall be served by _____.

    c.    Depositions shall be completed by _____.

        i.    Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

        ii.    There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

        iii.    Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    d.    Requests to Admit shall be served no later than _____.

8. All *expert* disclosures, including reports, production of underlying documents, and depositions shall be completed pursuant to the following deadlines:

    a.    Expert(s) of Plaintiff(s)    _____.

    b.    Expert(s) of Defendant(s)    _____.

    *[The parties shall be prepared to describe their contemplated expert discovery and the bases for their proposed deadlines at the initial conference.]*

9. All discovery shall be completed no later than _____.

10. Any class certification motion shall be filed no later than _____ *[To be completed by the Court after consultation with the parties.]*

    a.    Defendants shall complete depositions related to the Class Certification Motion no later than _____.

    b.    Defendants shall file their brief and other filings in opposition to the Class Certification Motion no later than _____.

    c.    Plaintiffs shall complete depositions related to the Class Certification Motion, including of any expert or fact witness whose declaration is filed in opposition to the motion, no later than _____.

    d.    Plaintiffs shall file any reply brief in further support of the Class Certification Motion no later than _____.

11. The parties shall submit a Joint Preliminary Trial Report no later than _____ *[To be submitted no more than 14 days after the close of all discovery]*, setting forth the following:

a. The full caption of the action;

b. The name, address, telephone number, fax number and email address of each principal member of the trial team, and an identification of each party's lead trial counsel;

c. A brief statement identifying the basis for subject matter jurisdiction, and, if that jurisdiction is disputed, the reasons therefore.

d. A list of each claim and defense that will be tried and a list of any claims and defenses asserted in the pleadings that are not to be tried;

e. An identification of the governing law for each claim and defense that will be tried and a brief description of any dispute regarding choice of law;

f. The number of days currently estimated for trial and whether the case is to be tried with or without a jury;

g. A statement indicating whether all parties have consented to trial by a magistrate judge, without identifying which parties do or do not consent; and

h. A brief description of any summary judgment motion a party intends to file, including a statement identifying whether expert testimony will be offered in support of the motion.

12. The Court will conduct a Case Management Conference on _____. *[To be completed by the Court.]*

13. If either party contemplates a motion, the Case Management Conference will function as a pre-motion conference. Pre-motion letters are to be submitted by _____. *[To be completed by the Court.]* Pursuant to Rule 2.A of the Court's Individual Practices, responses to pre-motion letters are to be submitted within three business days from the date of service of the initial pre-motion letter. Pre-motion letters and responses shall be submitted to the chambers' email address at sullivannysdchambers@nysd.uscourts.gov.

14. The parties shall submit a Joint Final Trial Report and accompanying submissions, as described on pages 11-13 of the Southern District of New York's Pilot Project Regarding Case Management Techniques for Complex Civil Cases (the "Pilot Project"), available at http://nysd.uscourts.gov/rules/Complex_Civil_Rules_Pilot.pdf, no later than _____. *[To be completed by the Court.]*

15. The Court will conduct a Final Pretrial Conference on _____ *[To be completed by the Court.]*

16. Trial shall take place beginning on _____ *[To be completed by the Court.]*

17. Parties have conferred and their present best estimate of the length of trial is _____.

18. Counsel for the parties request a settlement conference before a Magistrate Judge or the Southern District's Mediation Program and request: [*Please check one. All counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.*]

    a. _____ Referral to a Magistrate Judge for settlement discussions

    b. _____ Referral to the Southern District's Mediation Program

    *[Note that all employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq., are designated for automatic referral to the Court's Alternative Dispute Resolution program of mediation. Accordingly, counsel in such cases should select 13(b) above.]*

    The parties are to contact _____ by _____. [***To be completed by the Court after consultation with the parties.***]

SO ORDERED.

DATED: _____, 20__
        New York, New York

                                        _____
                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE

4