# FRANKFURT KURNIT KLEIN & SELZ PC

488 Madison Avenue
New York, New York 10022
Telephone: (212) 980-0120
Facsimile: (212) 593-9175

Toby M. J. Butterfield
Direct dial: (212) 826-5567
e-mail: tbutterfield@fkks.com

May 5, 2014

**VIA ECF**

Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:   *Penshurst Trading Inc. v. Zodax L.P.*
           Case No. 1:14-cv-02710-RJS

Dear Judge Sullivan:

    Pursuant to your Honor's Individual Rule of Practice 2.A, we write on behalf of Plaintiff Penshurst Trading, Inc. d/b/a Juliska ("Juliska") to request a pre-motion conference as soon as possible concerning Juliska's need to make a preliminary injunction motion. Although the initial conference has been set for June 27, 2014 (*see* Dkt. 5), we seek a conference well before that date.

    As alleged in Juliska's Complaint, in late February 2014, Juliska learned that Defendant Zodax L.P. ("Zodax") was breaching its prior promises to cease sale of products containing low-quality reproductions of the designs applied to Juliska's distinctive luxury glassware products (the "Infringing Products"). Zodax's conduct – which it previously promised to cease, but then failed to do so – constitutes willful infringement of Juliska's well-known Berry and Thread Trade Dress and the design portion of Juliska's registered trademark, Reg. No. 4418994.

**Background to this Dispute**

    Juliska's unique and distinctive "Berry and Thread" design (the "Berry and Thread Trade Dress") acquired secondary meaning long ago and is fully protectable trade dress under Section 43(a) of the Lanham Act. (*See* Compl. ¶¶ 13-24.) It is also part of one of Juliska's registered trademarks. In August 2012, Juliska discovered that Zodax was selling Infringing Products that appropriated the Berry and Thread Trade Dress. (Compl. ¶¶ 30-31.) Juliska immediately notified Zodax of Juliska's rights, and sought and obtained Zodax's explicit promise to Juliska that Zodax would cease sale of Infringing Products. In late February 2014, however, Juliska learned that Zodax was still selling Infringing Products. On February 24, 2014, Juliska sent Zodax a detailed cease and desist letter. (*See* Compl. Ex. 4.)

    Juliska has attempted to resolve the matter by obtaining more explicit representations from Zodax that such sales would cease and that no further Infringing Products would be

manufactured or ordered. It appeared at one stage that Zodax would agree in writing to cease sale of the Infringing Products. However, Zodax has failed to execute any documentation or to specify exactly how many Infringing Products remain on hand or to provide any binding representations as to when Zodax will cease ordering, manufacturing, marketing and selling Infringing Products, despite numerous extensions by Juliska of its deadlines for requested responses. Until recently, Zodax's counsel maintained that they could not reach their client for over a week, and we have received no response to our most recent settlement proposal.

### Juliska Needs Immediate Injunctive Relief

As a result of what we view as Zodax's dilatory tactics, Juliska faces irreparable injury of its rights. Without this Court's intervention *pendente lite*, Zodax's resumed willful infringement will cause Juliska to lose control of its reputation and goodwill. Preliminary relief is thus warranted here. *See Bulman v. 2BKCO, Inc.*, 882 F. Supp. 2d 551, 564-65 (S.D.N.Y. 2012) (Sullivan, J.).

We request a conference as soon as possible to determine whether Zodax via its counsel will make explicit written representations to Juliska and the Court that Zodax's infringements will cease once and for all. If Zodax will not provide those representations to the Court, we seek a schedule for Juliska's intended motion for a preliminary injunction. As that motion will explain, Juliska is entitled to an injunction that, pending final judgment, orders Zodax to cease from any further production, distribution, marketing, sale or promotion at trade shows or show rooms, including any trade shows in progress or otherwise, of any Infringing Products (namely, products bearing the Berry and Thread Trade Dress as defined in the Complaint), including but not limited to the products depicted Exhibit 3 of the Complaint bearing SKU nos. CH-2950, CH-2948, CH-2617 and CH-2616.

We thank the Court for its prompt attention.

Respectfully submitted,

Toby M. J. Butterfield
Andrew D. Jacobs
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue, 10th Floor
New York, NY 10022
(212) 980-0120
tbutterfield@fkks.com
ajacobs@fkks.com
*Attorneys for Plaintiff*

Enclosure

cc: Chambers of Magistrate Judge Gabriel W. Gorenstein

Steven Sereboff, Esq. *(via email)*
M. Kala Sarvaiya, Esq. *(via email)*
*Counsel for Defendant Zodax L.P.*