

310 N. Westlake Blvd., Suite 120
Westlake Village, California 91362
phone +1 (805) 230-1350
fax +1 (805) 230-1355

May 7, 2014

<u>Via email</u> (*as a courtesy, proposed local counsel, Philip Furgang, will file this through ECF*)
Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    Penshurst Trading Inc. d/b/a Juliska v. Zodax L.P. (Case No. 1:14-cv-02710-RJS)

Dear Judge Sullivan:

    We have begun the steps to obtain sanctions against plaintiff and its counsel under Rule 11 and the Lanham Act. The lawsuit is frivolous, the threat of a motion for preliminary injunction is abusive, and a motion for preliminary injunction here would be frivolous.

    A preliminary injunction is an extraordinary remedy which should not be routinely granted. *Yurman Design Inc. v. Diamonds & Time*, 169 F.Supp. 2d 181, 185 (S.D.N.Y 2001). Such is the case here. Juliska's request to file a preliminary injunction motion should be denied because Juliska cannot possibly demonstrate irreparable harm or likelihood of success on the merits.

### Juliska's Unreasonable, 21 Month Delay in Seeking a Preliminary Injunction

    In the Second Circuit, a plaintiff's delay of more than ten weeks in seeking a preliminary injunction is fatal. *Citibank, N.A. v. Citytrust,* 756 F.2d 273, 276 (2d Cir. 1985). Here, plaintiff's unexcused 21 month delay is so long that as a matter of law the proposed motion must fail.

    Plaintiff admits that it has known of the alleged infringement for at least 21 months. In August 2012, Juliska's CEO, David Gooding, confronted Zodax at the NY Now trade show held in New York City. Mr. Gooding alleged that some of Zodax's products infringed Juliska's trade dress – the identical allegations made in the complaint. Contrary to plaintiff's letter to you, Zodax <u>never</u> explicitly promised that it would cease selling the accused products. To the contrary, Zodax demanded proof of Juliska's claims, yet Juliska remained silent. That is, plaintiff acquiesced.

    In February 2014, Mr. Gooding again encountered Zodax's booth at the *same* NY Now trade show in New York City. Mr. Gooding again confronted Zodax asserting the same allegation of trade dress infringement. Zodax again demanded proof. Instead of proof, Juliska sent Zodax a cease and desist letter on February 24, 2014, making the same frivolous allegations repeated in the complaint.

    Nearly three more months passed since then, and now Juliska asserts that it is suffering irreparable harm. As a matter of law, plaintiff cannot be granted a preliminary injunction. *Citibank, N.A. v. Citytrust,* 756 F.2d 273, 276 (2d Cir. 1985).

Judge Richard J. Sullivan
May 7, 2014
Page 2



### Juliska's Frivolous Trade Dress Infringement Allegation

Juliska asserts a series of trademark infringement claims, none of which has a shred of merit. Juliska has no evidence of its alleged trademark or trade dress rights, and no evidence of infringement.

First, Juliska asserts trademark infringement based upon its U.S. Registration No. 4418994 ("the '994 registration"). Yet that registration is for the following mark, and Juliska does not and cannot allege that Zodax has ever used this mark or anything even remotely similar:



Zodax informed Juliska of this, in writing, two months ago.

Lacking the presumption afforded a federal registration, Juliska seeks to rely upon just the design shown in the '994 registration, and trade dress rights arising from a "berry and thread" design. In support of either ground, Juliska must show secondary meaning. *Wal-Mart Stores v. Samara Bros.,* 529 U.S. 205, 216 (2000). Juliska has proffered no such evidence, and cannot. Further, courts are generally cautious in extending trade dress protection to product designs because it could result in a monopoly in the goods themselves, thereby stifling competition. *Landscape Forms, Inc. v. Columbia Cascade Co.,* 113 F.3d 373, 380 (2d Cir. 1997).

Trademark infringement in the form of "likelihood of confusion" is analyzed using the *Polaroid* multi-factor test, and there can be no more positive proof of likelihood of confusion than evidence of actual confusion. Here, notably lacking in Juliska's allegations is *any* evidence of actual confusion since Juliska first challenged Zodax almost two years ago.

### Conclusion

In sum, Juliska's request to file a preliminary injunction motion should be denied because it cannot demonstrate irreparable harm nor can it demonstrate a likelihood of success on the merits.

### Local counsel

We are in the process of retaining local counsel for this case. As a courtesy, our proposed local counsel, Philip Furgang, has agreed to file this letter through ECF as required by your Honor's Individual Rule of Practice 2.A.

We thank the Court for its attention to this matter.

Respectfully submitted,

SoCal IP Law Group LLP

M. Kala Sarvaiya, Esq.