Steven C. Sereboff, Cal. Bar No. 156731
ssereboff@socalip.com
M. Kala Sarvaiya, Cal. Bar No. 238453
ksarvaiya@socalip.com
SoCal IP Law Group llp
310 North Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Defendant, Zodax L.P.

**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Penshurst Trading Inc. d/b/a Juliska,<br><br>                              Plaintiff,<br><br>     v.<br><br>Zodax L.P.<br><br>                              Defendant. | Civil Action No. 14-cv-2710<br>Answer and Counterclaims of Defendant Zodax L.P.<br><br>Judge:      Sullivan |
| Zodax L.P.,<br>     Counterclaimant,<br>              vs.<br>Penshurst Trading Inc. d/b/a Juliska,<br>     Counter-defendant. | |

**Defendant Zodax L.P.'s Answer to**
**Plaintiff's Complaint**

Defendant Zodax L.P. ("Zodax") responds to plaintiff Penshurst Trading Inc. d/b/a Juliska's ("Juliska") Complaint as follows:

**Answer**

1. Zodax denies the allegations contained in paragraph 1 of the complaint.

2. Zodax admits the allegations contained in paragraph 2 of the complaint.

3. Zodax admits the allegations contained in paragraph 3 of the complaint.

4. Zodax accepts personal jurisdiction in this case, but otherwise denies the allegations contained in paragraph 4 of the complaint.

5. Zodax accepts venue in this case, but otherwise denies the allegations contained in paragraph 5 of the complaint.

6. Zodax lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 6, and, on that basis denies them.

7. Zodax admits that it is a limited partnership organized under the laws of California with its principal place of business at 14040 Arminta Street, Panorama City, California 91402, and denies the remaining allegations contained in paragraph 7 of the complaint.

8. Zodax lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 8, and, on that basis denies them.

9. No response is necessary.

10. Zodax lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 10, and, on that basis denies them.

11. Zodax lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 11, and, on that basis denies them.

12. Zodax denies the allegations contained in paragraph 12 of the complaint.

13. Zodax denies the allegations contained in paragraph 13 of the complaint.

14. Zodax denies the allegations contained in paragraph 14 of the complaint.

15. Zodax denies the allegations contained in paragraph 15 of the complaint.

16. Zodax denies the allegations contained in paragraph 16 of the complaint.

17. Zodax denies the allegations contained in paragraph 17 of the complaint.

18. Zodax denies the allegations contained in paragraph 18 of the complaint.

19. Zodax denies the allegations contained in paragraph 19 of the complaint.

20. Zodax denies the allegations contained in paragraph 20 of the complaint.

21. Zodax denies the allegations contained in paragraph 21 of the complaint.

22. Zodax denies the allegations contained in paragraph 22 of the complaint.

23. Zodax denies the allegations contained in paragraph 23 of the complaint.

**25.** **[Incorrectly numbered as paragraph 25 in the complaint]** Zodax denies the allegations contained in paragraph 25 of the complaint.

24. **[Incorrectly numbered as paragraph 24 in the complaint]** Zodax denies the allegations contained in paragraph 24 of the complaint.

25. Zodax denies the allegations contained in paragraph 25 of the complaint.

26. Zodax denies the allegations contained in paragraph 26 of the complaint.

27. Zodax denies the allegations contained in paragraph 27 of the complaint.

28. Zodax denies the allegations contained in paragraph 28 of the complaint.

29. Zodax denies the allegations contained in paragraph 29 of the complaint.

30. Zodax denies the allegations contained in paragraph 30 of the complaint.

31. Zodax denies the allegations contained in paragraph 31 of the complaint.

32. Zodax denies the allegations contained in paragraph 32 of the complaint.

33. Zodax denies the allegations contained in paragraph 33 of the complaint.

34. Zodax admits that it received the letter attached as Exhibit 4 to the complaint, and otherwise denies the allegations contained in paragraph 34 of the complaint.

35. Zodax admits the allegations contained in paragraph 35 of the complaint.

36. Zodax admits that it received the letter attached as Exhibit 5 to the complaint, and otherwise denies the allegations contained in paragraph 36 of the complaint.

37. Zodax admits that it received the letter attached as Exhibit 6 to the complaint, and otherwise denies denies the allegations contained in paragraph 37 of the complaint.

38. Zodax denies the allegations contained in paragraph 38 of the complaint.

39. Zodax denies the allegations contained in paragraph 39 of the complaint.

40. Zodax denies the allegations contained in paragraph 40 of the complaint.

41. No response is necessary.

42. Zodax denies the allegations contained in paragraph 42 of the complaint.

43. Zodax denies the allegations contained in paragraph 43 of the complaint.

44. Zodax denies the allegations contained in paragraph 44 of the complaint.

45. Zodax denies the allegations contained in paragraph 45 of the complaint.

46. Zodax denies the allegations contained in paragraph 46 of the complaint.

47. Zodax denies the allegations contained in paragraph 47 of the complaint.

48. Zodax denies the allegations contained in paragraph 48 of the complaint.

49. Zodax denies the allegations contained in paragraph 49 of the complaint.

50. Zodax denies the allegations contained in paragraph 50 of the complaint.

51. No response is necessary.

52. Zodax denies the allegations contained in paragraph 52 of the complaint.

53. Zodax denies the allegations contained in paragraph 53 of the complaint.

54. Zodax denies the allegations contained in paragraph 54 of the complaint.

55. Zodax denies the allegations contained in paragraph 55 of the complaint.

56. Zodax denies the allegations contained in paragraph 56 of the complaint.

57. Zodax denies the allegations contained in paragraph 57 of the complaint.

58. Zodax denies the allegations contained in paragraph 58 of the complaint.

59. No response is necessary.

60. Zodax denies the allegations contained in paragraph 60 of the complaint.

61. Zodax denies the allegations contained in paragraph 61 of the complaint.

62. Zodax denies the allegations contained in paragraph 62 of the complaint.

63. Zodax denies the allegations contained in paragraph 63 of the complaint.

64. Zodax denies the allegations contained in paragraph 64 of the complaint.

65. Zodax denies the allegations contained in paragraph 65 of the complaint.

66. Zodax denies the allegations contained in paragraph 66 of the complaint.

67. No response is necessary.

68. Zodax denies the allegations contained in paragraph 68 of the complaint.

69. Zodax denies the allegations contained in paragraph 69 of the complaint.

70. Zodax denies the allegations contained in paragraph 70 of the complaint.

71. Zodax denies the allegations contained in paragraph 71 of the complaint.

72. Zodax denies the allegations contained in paragraph 72 of the complaint.

73. No response is necessary.

74. Zodax denies the allegations contained in paragraph 74 of the complaint.

75. Zodax denies the allegations contained in paragraph 75 of the complaint.

76. Zodax denies the allegations contained in paragraph 76 of the complaint.

77. Zodax denies the allegations contained in paragraph 77 of the complaint.

78. Zodax denies the allegations contained in paragraph 78 of the complaint.

79. Zodax denies the allegations contained in paragraph 79 of the complaint.

80. Zodax denies the allegations contained in paragraph 80 of the complaint.

81. Zodax denies the allegations contained in paragraph 81 of the complaint.

82. Zodax denies that Plaintiff is entitled to any of the relief requested in 1-11 of the complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE -**
**(FAILURE TO STATE A CLAIM)**

83. Juliska is barred from recovery because it failed to allege facts sufficient to state a claim on which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(LACK OF SECONDARY MEANING)**

84. Juliska is barred from recovery because its alleged Berry and Thread trade dress lacks trademark rights, including because of a lack of any secondary meaning associated therewith.

### THIRD AFFIRMATIVE DEFENSE
### (NO ACTUAL CONFUSION OR LIKELIHOOD OF CONFUSION)

85. Juliska is barred from recovery because there is no actual confusion or likelihood of confusion between Juliska'a alleged trade dress and Zodax's accused products.

### FOURTH AFFIRMATIVE DEFENSE
### (NO TRADEMARK INFRINGEMENT)

86. Juliska is barred from recovery because Zodax does not use any trademark that is even remotely similar to any of Juliska's registered trademarks, all of which require the word "JULISKA" in the mark.

### FIFTH AFFIRMATIVE DEFENSE
### (NO DAMAGES)

87. Juliska is barred from recovery because Juliska has not been damaged in any amount or manner because of any act alleged against Zodax in the complaint.

### SIXTH AFFIRMATIVE DEFENSE
### (ACQUIESCENCE, EQUITABLE ESTOPPEL, WAIVER)

88. Juliska's claims are barred by acquiescence, estoppel or waiver.

### COUNTERCLAIMS
### FIRST COUNTERCLAIM – DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT

For its counterclaims against plaintiff/counterdefendant Penshurst Trading Inc. d/b/a Juliska ("Juliska"), defendant/counterclaimant Zodax L.P. ("Zodax") alleges as follows:

89. This is a counterclaim arising under the Lanham Trademark Act, 15 U.S.C. §1051 *et seq.* This court has subject matter jurisdiction under 28 U.S.C. § 1338(a).

90. Zodax L.P. is a California limited partnership with it principal place of business at 14040 Arminta Street, Panorama City, CA 91402.

91. On information and belief based on plaintiffs' pleading, Counter-defendant Penshurst Trading Inc. d/b/a Juliska is a Connecticut corporation with its principal place of business at 465 Canal Street, Stamford, CT 06902.

92. By filing suit in this district, Juliska has waived challenges to personal jurisdiction and venue.

93. Juliska has accused Zodax of infringing Juliska's registered trademarks, infringing Juliska's unregistered trade dress, common law unfair competition, common law trademark infringement and dilution under state law.

94. Juliska is listed as the owner of U.S. Reg. Nos. 4418994, 4165392, 3019690. All three of these trademark registrations include the word mark, JULISKA.

95. In August 2012, Juliska's CEO, David Gooding, saw Zodax's products at a trade show in New York City. Gooding confronted Zodax and asserted Zodax's products infringed Juliska's trademarks. Zodax demanded proof to support Juliska's claims. Juliska responded by remaining silent for twenty-one months.

96. In February 2014, Gooding saw Zodax's products at the same trade show in New York City. Gooding again confronted Zodax with the same claims of trademark infringement. Zodax responded in the same manner demanding proof to support Juliska's claims. This time, Juliska responded with a cease and desist letter sent to Zodax at the end of February claiming trademark and trade dress infringement.

97. In response to Juliska's cease and desist letter dated February 24, 2014, Zodax informed Juliska that Juliska had no support for any claims of trademark infringement. Zodax informed Juliska that none of Zodax's products use any trademark that is similar to Juliska's registered trademarks because all of Juliska's registered trademarks require use of the word, "JULISKA." To the contrary, all of Zodax's accused products include a label with its name, "Zodax", on every item.

98. Without even investigating the issue, Juliska continued to maintain this allegation. Had Juliska taken the time to perform an investigation it would have determined that Zodax does not use any trademark that is even remotely similar to any of Juliska's registered trademarks.

99. To date, Juliska still has not withdrawn its trademark infringement claims. Juliska's claim of trademark infringement is meritless and Juliska seems focused on stifling competition with its meritless claims. Juliska has no reasonable basis to support its continued claim of trademark infringement against Zodax.

100. This is an exceptional case under 15 U.S.C. §1117 because there is no support for any claim of trademark infringement against Zodax.

## SECOND COUNTERCLAIM –
## DECLARATORY JUDGMENT THAT TRADE DRESS IS INVALID

101. Zodax repeats, realleges, and incorporates by reference all allegations in Paragraphs 89 through 100 of these Counterclaims as if fully set forth in this counterclaim.

102. In addition to the trademark infringement claims, Juliska has asserted claims of trade dress infringement since August 2012. Specifically, Juliska claims that its Berry and Thread design on its tableware items is trade dress.

103. Juliska's alleged trade dress is unregistered and it has not acquired secondary meaning. In Zodax's response to Juliska's cease and desist letter, Zodax requested proof that Juliska's alleged trade dress had acquired secondary meaning.

Juliska responded with blanket assertions that Juliska has spent a lot in advertising the trade dress. However, that is not sufficient to prove secondary meaning. To date, Juliska has not provided any basis to support its claim that the alleged trade dress has acquired secondary meaning, and cannot do so. Specifically, Juliska has not provided and cannot provide any basis to show that consumers link the alleged trade dress with Juliska's brand.

104. In a video publicly available on YouTube, David Gooding is seen explaining the design philosophy for Juliska's products. He is seen stating that the brand is identifiable by the hand-signed name, "Juliska", which can be seen on every item. In addition, Gooding is seen as explaining that every item Juliska sells is a reproduction of an item from the 14th to 18th centuries. His two-part video confirms that Juliska's designs are anything but original.

105. For example, Gooding states in the video: "At the core of all Juliska collections, you can find historic designs." Gooding also states, "Our entire product line is inspired and anchored by forty authentic reproductions from fourteenth through eighteenth century Europe." "Many of these items can be seen in glass museums around the world or in grand old Renaissance paintings. It's from these historic originals that we find our new design inspiration to create new interpretations for today's consumer."

106. In the video, Gooding shows a glass from a 1635 Rembrandt self-portrait. The glass has threads evenly dispersed on the glass. Gooding explains that the glass was a "communal drinking vessel passed around the table, where everyone drank a level between the threads." In other words, Gooding clarifies the functional purpose of the threads. Gooding admits that glassware with threads has existed since at least the 17th century.

107. Next, Gooding displays one of Juliska's product lines called Fiorella. Gooding explains that the Fiorella line is based "on a 16th century Italian design."

Gooding then shows the original piece from the 16th century and then shows Juliska's piece right next to it. The designs are identical.

108. In the second part of the video, Gooding is seen holding a piece of glass and he states, "The blobs of glass, known as prunts, were originally applied for a practical purpose to grip with greasy hands." Again, Gooding admits that designs, or prunts, on glassware has existed for centuries, and initially were placed on glassware for functional reasons.

109. Gooding adds, "Each of our pieces is hand signed JULISKA. This hallmark is your guarantee of its origin, authenticity and superior quality." Here too, Gooding admits that its brand is JULISKA, and that's what consumers can use to confirm the "origin", or source of the product.

110. Gooding's statements throughout the video clarify that the brand Juliska has invested in is the JULISKA brand and no other one. In addition, Gooding's statements also support the fact that Juliska's alleged trade dress is not original because all of Juliska's products are reproductions of earlier existing pieces.

111. Juliska's alleged trade dress is invalid because it has not acquired secondary meaning.

112. This is an exceptional case under 15 U.S.C. §1117 as Juliska has no basis to support its claims that the alleged trade dress has acquired secondary meaning.

### THIRD COUNTERCLAIM –
### DECLARATORY JUDGMENT OF NO TRADE DRESS INFRINGEMENT

113. Zodax repeats, realleges, and incorporates by reference all allegations in Paragraphs 89 through 112 of these Counterclaims as if fully set forth in this counterclaim.

114. Juliska has no reasonable basis to support its claim of trade dress infringement as its alleged trade dress is invalid.

115. This is an exceptional case under 15 U.S.C. §1117 as Juliska has no basis to support its claims of trade dress infringement because the alleged trade dress is invalid.

## REQUEST FOR RELIEF

WHEREFORE, Zodax requests judgment as follows:

a) Dismiss the complaint with prejudice;

b) Award Juliska nothing;

c) Hold that Juliska's alleged trade dress is invalid;

d) Hold that Zodax has not infringed and is not infringing upon any of Juliska's registered trademarks;

e) Hold that Zodax has not infringed and is not infringing upon Juliska's unregistered trade dress;

f) Find the case exceptional under 15 U.S.C. § 1117 and award Zodax its reasonable attorneys' fees, expenses and costs incurred in connection with this action;

g) Award Zodax any other and further relief as this court may deem appropriate.

Respectfully Submitted,

OF COUNSEL:

By:___
Philip Furgang

| | |
|---|---|
| Steven C. Sereboff<br>M. Kala Sarvaiya<br>SoCal IP Law Group llp<br>310 North Westlake Blvd., Suite 120<br>Westlake Village, CA 91362-3788<br>Phone: (805) 230-1350<br>ssereboff@socalip.com<br>ksarvaiya@socalip.com | Furgang & Adwar, L.L.P.<br>1325 Avenue of the Americas, 28th Floor<br>New York, New York 10019<br>Tel: (212) 725-1818 • Fax: (212) 941-9711<br>philip@furgang.com<br>Attorneys for Defendant, Zodax L.P. |

Dated:

| | |
|---|---|
| May 16, 2014 | /s/ M. Kala Sarvaiya<br>M. Kala Sarvaiya<br>SoCal IP Law Group llp<br>Attorney for Defendant, Zodax L.P. |

### Certificate Of Service

I am a member of the bar of this court or am employed by a member of the bar at whose direction I make this service. I declare under penalty of perjury of the laws of the United States that on May 16, 2014, I electronically filed the foregoing document "Answer and Counterclaims of Defendant Zodax L.P." using the Case Management/Electronic Case Filing ("CM/ECF") system, which will send a Notice of Electronic Filing of the document to the CM/ECF participants. I have served by email any counsel not on the list of participants.

May 16, 2014                                          _____