Toby Butterfield
Andrew D. Jacobs
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue, 10th Floor
New York, New York  10022
Tel:  (212) 980-0120
Fax:  (212) 593-9175
tbutterfield@fkks.com
ajacobs@fkks.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

PENSHURST TRADING INC. d/b/a
JULISKA,                                   :

                             :

           Plaintiff,                 :

     v.                              :

                             :

ZODAX L.P.                                 :

                             :

          Defendant.             :

-----------------------------------------------------------X

Civil Action No. 14-cv-2710 (RJS)

**ANSWER TO
COUNTERCLAIMS OF
DEFENDANT ZODAX L.P.**

       Plaintiff Penshurst Trading, Inc. d/b/a Juliska ("Juliska" or "Plaintiff"), through its

attorneys, Frankfurt Kurnit Klein & Selz, P.C., for its Answer to Defendant's Answer and

Counterclaims to Plaintiff's Complaint (the "Answer and Counterclaims") filed by Zodax L.P.

("Zodax" or "Defendant"), responds as follows:

**ANSWER**

**FIRST COUNTERCLAIM — DECLARATORY JUDGMENT OF NO TRADEMARK
INFRINGEMENT**

       1.      The allegations in Paragraph 89 of the Answer and Counterclaims contain legal

conclusions to which no response is required, except that Plaintiff admits that this is a

counterclaim arising under the Lanham Trademark Act, 15 U.S.C. § 1051 *et seq.*

2.      Plaintiff admits that Zodax L.P. is a California limited partnership with its principal place of business at 14040 Arminta Street, Panorama City, CA 91402.

3.      Plaintiff admits that Juliska is a Connecticut corporation with its principal place of business at 465 Canal Street, Stamford, CT 06902.

4.      The allegations in Paragraph 92 of the Answer and Counterclaims contain legal conclusions to which no response is required.

5.      Plaintiff admits that it has brought an action against Zodax for infringement of trade dress, infringement of trademark, common law unfair competition, common law trademark infringement, and dilution under New York law.  Except as aforesaid, Plaintiff denies the allegations in Paragraph 93 of the Answer and Counterclaims.

6.      Plaintiff admits that it is the owner of the trademarks registered with the United States Patent and Trademark Office as U.S. Reg. Nos. 4418994, 4165392, 3019690, and respectfully refers the Court to those registrations for the true contents thereof.  Except as aforesaid, Plaintiff denies the allegations in Paragraph 94 of the Answer and Counterclaims.

7.      Plaintiff admits that in August 2012, Juliska's CEO, David Gooding, saw Zodax's products at a trade show in New York City, and that Mr. Gooding confronted Zodax and asserted that certain of Zodax's products infringed Juliska's rights.  Except as aforesaid, Plaintiff denies the allegations in Paragraph 95 of the Answer and Counterclaims.

8.      Plaintiff admits that in February 2014, Mr. Gooding saw Zodax's products at another trade show in New York City, that Mr. Gooding confronted Zodax and asserted that certain of Zodax's products infringed Juliska's rights, and that Juliska sent Zodax a cease and desist letter on February 24, 2014 (annexed to the Complaint as Exhibit 4).  Except as aforesaid, Plaintiff denies the allegations in Paragraph 96 of the Answer and Counterclaims.

9.      Plaintiff admits that on March 10, 2014, Defendant's counsel responded to the cease and desist letter denying that Zodax had infringed on Juliska's rights.  Except as aforesaid, Plaintiff denies the allegations in Paragraph 97 of the Answer and Counterclaims.

10.      Plaintiff denies the allegations in Paragraph 98 of the Answer and Counterclaims.

11.      Plaintiff admits that it has not withdrawn its trademark infringement claims.  Except as aforesaid, Plaintiff denies the allegations in Paragraph 99 of the Answer and Counterclaims.

12.      The allegations in Paragraph 100 of the Answer and Counterclaims contain legal conclusions to which no response is required.

## SECOND COUNTERCLAIM -
## DECLARATORY JUDGMENT THAT TRADE DRESS IS INVALID

13.      Plaintiff repeats, realleges, and incorporates by reference all allegations in Paragraphs 1 through 12 of this Answer as if fully set forth herein.

14.      Plaintiff admits that it has asserted a claim that Zodax has infringed on Plaintiff's Berry and Thread Trade Dress.  Except as aforesaid, Plaintiff denies the allegations in Paragraph 102 of the Answer and Counterclaims.

15.      Plaintiff denies the allegations in Paragraph 103 of the Answer and Counterclaims.

16.      Paragraph 104 of the Answer and Counterclaims contains legal conclusions to which no response is required.  Plaintiff respectfully refers the Court to the videos in question, available at https://www.youtube.com/watch?v=4JbhLSoR8GQ and https://www.youtube.com/watch?v=ncB4KFrNF14, for the true contents thereof.  Except as aforesaid, Defendant denies the allegations in Paragraph 104 of the Answer and Counterclaims.

17.     Paragraph 105 of the Answer and Counterclaims contains legal conclusions to which no response is required.  Plaintiff respectfully refers the Court to the video in question, available at https://www.youtube.com/watch?v=4JbhLSoR8GQ, for the true contents thereof.  Except as aforesaid, Defendant denies the allegations in Paragraph 105 of the Answer and Counterclaims.

18.     Paragraph 106 of the Answer and Counterclaims contains legal conclusions to which no response is required.  Plaintiff respectfully refers the Court to the video in question, available at https://www.youtube.com/watch?v=4JbhLSoR8GQ, for the true contents thereof.  Except as aforesaid, Defendant denies the allegations in Paragraph 106 of the Answer and Counterclaims.

19.     Plaintiff respectfully refers the Court to the video in question, available at https://www.youtube.com/watch?v=ncB4KFrNF14, for the true contents thereof.  Except as aforesaid, Defendant denies the allegations in Paragraph 107 of the Answer and Counterclaims.

20.     Paragraph 108 of the Answer and Counterclaims contains legal conclusions to which no response is required.  Plaintiff respectfully refers the Court to the video in question, available at https://www.youtube.com/watch?v=ncB4KFrNF14, for the true contents thereof.  Except as aforesaid, Defendant denies the allegations in Paragraph 108 of the Answer and Counterclaims.

21.     Paragraph 109 of the Answer and Counterclaims contains legal conclusions to which no response is required.  Plaintiff respectfully refers the Court to the video in question, available at https://www.youtube.com/watch?v=ncB4KFrNF14, for the true contents thereof.  Except as aforesaid, Defendant denies the allegations in Paragraph 109 of the Answer and Counterclaims.

22.     Plaintiff denies the allegations in Paragraph 110 of the Answer and

Counterclaims.

23.     The allegations in Paragraph 111 of the Answer and Counterclaims contain legal

conclusions to which no response is required.

24.     The allegations in Paragraph 112 of the Answer and Counterclaims contain legal

conclusions to which no response is required.

**THIRD COUNTERCLAIM -
DECLARATORY JUDGMENT OF NO TRADE DRESS INFRINGEMENT**

25.     Plaintiff repeats, realleges, and incorporates by reference all allegations in

Paragraphs 1 through 24 of this Answer as if fully set forth herein.

26.     The allegations in Paragraph 114 of the Answer and Counterclaims contain legal

conclusions to which no response is required.

27.     The allegations in Paragraph 115 of the Answer and Counterclaims contain legal

conclusions to which no response is required.

DATED:      New York, New York
            June 9, 2014

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By:      /s/ Toby Butterfield
         Toby Butterfield
         Andrew D. Jacobs
         488 Madison Avenue
         New York, New York 10022
         (212) 980-0120

         *Attorneys for Plaintiff Penshurst Trading Inc. d/b/a
         Juliska*