

310 N. Westlake Blvd., Suite 120
Westlake Village, California 91362
direct phone +1 (805) 497-3488
office phone +1 (805) 230-1350
fax +1 (805) 230-1355
mharris@socalip.com

October 21, 2014

Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

By Email and CM/ECF

    Re:    Penshurst Trading Inc. d/b/a Juliska v. Zodax L.P.
            No. 1:14-cv-02710-RJS

Subject:    Request for Conference before Defendants File Summary Judgment Motion

Dear Judge Sullivan:

Defendant Zodax L.P. writes to request a pre-motion conference so that it may file a summary judgment motion.

Plaintiff Juliska's two federal claims are for trade dress and trademark infringement. The alleged trade dress relates to the design on glassware objects such as vases and glasses, some of which are shown below.



Juliska calls its design "Berry and Thread." A series of dots form the berry, and the thread or threads go around the glass except in the glass second from the right where the thread surrounds the berry. The thread spirals or remains horizontal. Some products have one berry, but others have multiple berries.

In *Wal-Mart Stores v. Samara Bros.*, 529 U.S. 205 (2000), the Supreme Court ruled that trade dress rights cannot prevent companies from copying competitors' products (as opposed to packaging) unless the plaintiff can prove that the design acquired secondary meaning such that the public identifies the design as a source identifier. Juliska's ability to overcome its heavy burden of proving secondary meaning is unlikely because a "product design almost invariably serves purposes other than source identification." "[E]ven the most unusual of product design … is intended not to identify the source, but to render the product itself more useful or more appealing." *Id.* at 213. To establish secondary meaning, Juliska needs evidence that "a consumer immediately associates the dress of the



product with its source." *Sports Traveler, Inc. v. Advance Magazine Publ., Inc.*, 25 F. Supp. 2d 154, 164 (S.D.N.Y. 1998).

"[P]roof of secondary meaning entails vigorous evidentiary requirements." *Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 168 (2d Cir. 1991). Thus, courts refer to the "heavy burden" required to prove secondary meaning in product trade dress cases. *Atlantis Silverworks v. 7th Sense*, No. 96 Civ. 4058, 1997 U.S. Dist. LEXIS 3158, at 11 (S.D.N.Y. Mar. 19, 1997).

Establishing secondary meaning for a trade dress in a product design requires "look-for" advertising. For example, a look-for advertisement might say, "Look for the spiral beaded line ending in our berry design; it identifies the glassware as Juliska's." Juliska neither has evidence of look-for advertising nor other evidence that possibly could support its berry and thread design acquiring secondary meaning. In fact, its advertising touts the beauty of its glassware without saying anything to enhance source identification.

"Look-for" advertising "encourages consumers to identify the claimed trade dress with the particular producer." *Yankee Candle Co. v. Bridgewater Candle Co.*, 259 F.3d 25, 44 (1st Cir. 2001) "To be probative of secondary meaning, the advertising must direct the consumer to those features claimed as trade dress. Merely 'featuring' the relevant aspect of the product in advertising is no more probative of secondary meaning than are strong sales." *Id. See also Mennen Co. v. Gillette Co.*, 565 F. Supp. 648, 653 (S.D.N.Y. 1983), *aff'd without opinion*, 742 F.2d 1437 (1984) (holding plaintiff's trade dress claim of stripes on its packaging failed, in part, because it "never used advertising in which it explicitly, in words, called the attention of consumers to the stripes design and specified that they were a trademark."); *Thomas & Betts Corp. v. Panduit Corp.*, 65 F.3d 654, 662 (7th Cir. 1995) (finding no secondary meaning. "To the extent this advertising draws attention to the [product feature claimed as trade dress] at all, as opposed to the clearly functional barbed locking mechanism, it is only to tout claimed functional and aesthetic advantages.").

Juliska's advertising is replete with statements about how artistic its glasses are. For example, one catalog has the following statement, "Mouth-blown in the hills outside Prague by Juliska master craftsmen, our signature Bohemian glasses are dazzling little works of art. Just try not be [sic] obsessed with them," Nothing relates the designs on the glasses to the source.

Juliska has another hurdle. As the first page of this letter shows, Juliska seeks trade dress protection on dissimilar variations of its berry and thread design. The thread spirals on one glass and one vase. Some products have two threads around the glass; another has one thread. Some have one berry; others have more than one. One design has a berry inside a circular thread.

When a plaintiff claims that one trade dress extends to several distinct designs, the trade dress must be consistent among the products. *Yurman, Inc. v. PAJ, Inc.*, 262 F.3d 101,

Honorable Richard J. Sullivan
October 21, 2014
Page 3



116 (2d Cir. 2001). The designs on Juliska's glassware differ too much for a single trade dress to extend to all of them.

Without evidence of secondary meaning, Juliska's trade dress claim fails. Evidence of likelihood of confusion, and the factors in *Polaroid Corp. v. Polarad Elec. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961), become irrelevant.

The complaint also alleges that defendant Zodax infringes plaintiff Juliska's registered trademark (shown to the right). Juliska has yet to show any evidence of trademark infringement. Zodax uses nothing close to that trademark. It uses the word "Zodax" as its trademark, and none of its uses of its trademark uses a shield surrounding its trademark, Z<small>ODAX</small>. 

The complaint also contains three state-law claims. When a court grants summary judgment on the Lanham Act claims, the related state law claims also fall. *See Sussman-Automatic Corp. v. Spa World Corp.*, No. 13-cv-7352 (ADS), 2014 U.S. Dist. LEXIS 57958, at *20, 2014 WL 1651953 (E.D.N.Y. Apr. 25, 2014) (holding on Rule 12(b)(6) motion to dismiss).

Defendant Zodax believes that its summary judgment motion is meritorious and requests permission to file it.

Sincerely,

SoCal IP Law Group LLP

/Michael Harris/

Michael D. Harris