**Kenyon & Kenyon**

**Michelle Mancino Marsh**
Direct 212.908.6180
mmarsh@kenyon.com

Kenyon & Kenyon LLP
One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

October 24, 2014

**VIA ECF AND EMAIL**

The Honorable Richard J. Sullivan
United States District Judge, S.D.N.Y.
40 Foley Square, Room 2104
New York, New York 10007
Email: SullivanNYSDChambers@nysd.uscourts.gov

**RE:** *Penshurst Trading Inc. d/b/a Juliska v. Zodax L.P.*,
C.A. No. 14-cv-02710 (RJS)(GWG) (SDNY)

**Response to Defendant's Request to Move for Summary Judgment Before Discovery Closes**

Dear Judge Sullivan:

We represent Plaintiff Penshurst Trading Inc. d/b/a Juliska ("Juliska") in the above-referenced civil action. Pursuant to Rule 2.A of Your Honor's Individual Rules of Practice, this letter responds to Defendant Zodax L.P.'s ("Zodax") October 21, 2014 request (*Dkt.* 46) to move for summary judgment: (i) during the discovery period of this case, and (ii) with Juliska's request to file an Amended Complaint *sub judice* (*Dkt.* 47).

Zodax seeks to move for summary judgment on the grounds that Juliska's asserted trade dress lacks secondary meaning. *Dkt.* 46 at 3. However, as discussed *infra*, Zodax's request should be denied as premature for two reasons. First, Zodax has not produced evidence within its possession that is relevant to Juliska's trade dress claim. Second, Zodax's putative motion only addresses one of eight claims in Juliska's proposed Amended Complaint (which seeks relief based on Zodax's willful and ongoing infringement of Juliska's copyrights in its original glassware and Juliska's federally-registered JULISKA® trademarks). Thus, Zodax's request should be stayed pursuant to Fed.R.Civ.P. 56(d) until discovery closes, at which point the parties can file single, omnibus summary judgment motions, if appropriate, based on a fully-developed record (as contemplated by paragraphs 10-2 of the parties' Case Management Plan and Scheduling Order (*Dkt.* 42)), rather than bog down the Court with inefficient, piecemeal motion practice.

### I. Zodax Has Not Produced Evidence Relevant to Juliska's Trade Dress Claim

Juliska's trade dress infringement claim arises under 15 U.S.C. § 1125(a). To prevail under 15 U.S.C. § 1125(a) on a product design trade dress infringement claim, the plaintiff must prove that: (i) the trade dress is distinctive as to the source of plaintiff's goods because it has acquired "secondary meaning"; (ii) there is a likelihood of confusion between plaintiff's goods bearing its trade dress and the defendant's goods utilizing the same or similar trade dress; and (iii) the trade

dress is non-functional. *See Yurman Design, Inc. v. Paj, Inc.*, 262 F.3d 101, 115 (2d Cir. 2001). A plaintiff proves "secondary meaning" by "showing that in the minds of the public, the primary significance of [the trade dress] is to identify the source of the product rather than the product itself." *Audemars Piguet Holding SA v. Swiss Watch International, Inc.*, 2014 WL 47465, *8 (S.D.N.Y., Jan. 6, 2014).

Here, Zodax tellingly does *not* seek permission to move for summary judgment on the grounds that Juliska's "berry and thread" trade dress is functional *or* that there is no likelihood of consumer confusion between Juliska's "berry and thread" trade dress and Zodax's infringing products. Rather, Zodax seeks to move on the grounds that Juliska's "berry and thread" trade dress lacks (i) secondary meaning and (ii) consistency throughout its product lines. As discussed *infra*, Zodax's claims are unfounded for at least two reasons.

*First*, Zodax claims "[w]ithout evidence of secondary meaning, Juliska's trade dress claim fails." *Dkt*. 46 at 3. In support of its claim, Zodax states "[e]stablishing secondary meaning for a trade dress in a product design *requires* 'look-for' advertising." *Id*. (emphasis supplied). However, "look-for" advertising is *not ipso facto* proof of whether secondary meaning exists. Indeed, noticeably absent from Zodax's letter is the fact that <u>courts consider six factors when determining if secondary meaning exists</u>, namely: "(1) advertising expenditures, (2) consumer studies linking the mark to a source, (3) unsolicited media coverage of the product, (4) sales success, (5) attempts to plagiarize the mark, and (6) length and exclusivity of the mark's use." *Cartier, Inc. v. Sardell Jewelry, Inc.*, 294 Fed.Appx. 615, 618 (2d Cir. 2008). "No single factor is outcome determinative." *Sports Traveler, Inc. v. Advance Magazine Publishers, Inc.*, 25 F.Supp.2d 154, 163 (S.D.N.Y. 1998). Furthermore, "[t]he careful weighing of evidence necessary to determine secondary meaning renders it an unlikely candidate for summary judgment." *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162, 169 (2d Cir. 1991).

The foregoing notwithstanding, Zodax's claim that Juliska lacks evidence of "look-for" advertising is unfounded. Zodax claims "[l]ook-for advertising encourages consumers to identify the claimed trade dress with the particular producer." *Dkt*. 46 at 2. However, contrary to Zodax's claim, Juliska has produced numerous catalogs that specifically advertise the "berry and thread" trade dress and call it by name. This would constitute "look-for" advertising as described by the case law. Additionally, Juliska produced to Zodax voluminous copies of advertisements that display products bearing the "berry and thread" trade dress and identify Juliska as the source of same.

Moreover, relevant evidence concerning the fifth and sixth secondary meaning factors— Zodax's "attempts to plagiarize" the "berry and thread" trade dress and when Zodax began using its infringing design—lie peculiarly within Zodax's possession. Thus, Juliska's first set of discovery requests sought evidence relating to same. Zodax's responses and document production are due October 27, 2014. Zodax ostensibly seeks an end-run around its obligation to produce such relevant evidence by moving for summary judgment on the grounds that *Juliska* lacks said evidence. Specifically, Zodax claims "Juliska neither has evidence of look-for advertising *nor other evidence that possibly could support its berry and thread design acquiring secondary meaning*." *Dkt*. 46 at 2. (emphasis supplied). As discussed *supra*, additional "other evidence" lies with Zodax and has *not* been produced. Furthermore, depositions of Zodax's corporate representatives have yet to occur as discovery is on-going.

*Second*, Zodax gratuitously posits "[t]he designs on Juliska's glassware differ too much for a single dress to extend to them all." *Dkt*. 46 at 3. As background, a plaintiff seeking trade dress protection for a product line must demonstrate the "overall look" in each separate product (within the line) is "consistent." *Yurman Design, Inc.*, 262 F.3d at 117. Here, Juliska's "berry and thread" trade dress is comprised of the unique combination of raised, circular clusters of rounded dots, creating berry shapes, and curved or scalloped lines with diagonal, evenly spaced slashes between the lines, creating a thread or rope shape and appearance. Importantly, elements of both berry and thread are present throughout Juliska's products, and Juliska's distinctive "berry" and "thread" are always raised and textured. Thus, Juliska's "berry and thread" trade dress creates a consistent overall look and feel throughout Juliska's products.

Based on the foregoing, in order for Juliska to discover evidence within Zodax's possession relevant to its trade dress infringement claim, it is respectfully submitted that Zodax's request to file its summary judgment motion should be denied or stayed pursuant to Fed.R.Civ.P. 56(d) until after discovery closes. *See, e.g.*, *Coach Leatherware Co., Inc.*, 933 F.2d at 169 (wherein the Second Circuit held "[t]he case against summary judgment is even stronger where the opposing party has not been afforded an adequate opportunity to seek potentially favorable information"); *see also Cross Commerce Media, Inc. v. Collective, Inc.*, 2014 WL 1202939, *7 (S.D.N.Y., March 24, 2014) (denying the plaintiff's partial summary judgment motion, filed before discovery closed, pursuant to Fed.R.Civ.P. 56(d) because further discovery was required to resolve the issue of secondary meaning).

### II. Zodax's Proposed Summary Judgment Motion Only Addresses One of Eight Claims in Juliska's Proposed Amended Complaint

Zodax's putative summary judgment motion should further be stayed until after discovery closes because such motion would only address one of eight claims in Juliska's proposed Amended Complaint, namely, the trade dress infringement claim. As set forth in Juliska's October 21, 2014 pre-motion letter, the proposed Amended Complaint includes two new claims: copyright infringement and promissory estoppel (Counts I and VIII). *See Dkt*. 47. Furthermore, the trademark infringement and unfair competition claims in the proposed Amended Complaint (Counts II-VII) are based in whole or in part on Juliska's federally-registered JULISKA® trademarks, not the composite trademark referenced in Zodax's pre-motion letter. Thus, Zodax moving for summary judgment at this juncture based solely on the "berry and thread" trade dress' lack of secondary meaning would needlessly bog down the Court with piecemeal motion practice and delay a final adjudication on the merits.

Accordingly, Juliska respectfully requests that Zodax's request for permission to file its proposed summary judgment motion be denied as premature. If you have any questions concerning the herein, please do not hesitate to contact me.

Respectfully submitted,

Michelle Mancino Marsh

cc: All Counsel of Record (*via ECF*)