

310 N. Westlake Blvd., Suite 120
Westlake Village, California 91362
direct phone +1 (805) 497-3488
office phone +1 (805) 230-1350
fax +1 (805) 230-1355
mharris@socalip.com

October 24, 2014

Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse     **By Email and CM/ECF**
40 Foley Square
New York, NY 10007

    Re:    Penshurst Trading Inc. d/b/a Juliska v. Zodax L.P.
             No. 1:14-cv-02710-RJS

Subject:    Response to Juliska's Request for Conference before it Files Motion to Amend

Dear Judge Sullivan:

Juliska's amended complaint adds three claims for relief, copyright infringement, federal false association and promissory estoppel, which Juliska failed to raise in the original complaint. Juliska could have raised them much earlier, however. Juliska unduly delayed requesting to amend the complaint, and that delay unduly prejudices Zodax.

"[L]eave [to amend] shall be freely given when justice so requires," FED. R. CIV. P. 15(a), but justice does not require leave to amend here and especially now. Courts should "deny a motion to amend only for good reasons, such as undue delay, bad faith or dilatory motive on the part of the movant …, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Beastie Boys v. Monster Energy Co.*, 983 F. Supp. 2d 354, 361 (S.D.N.Y. 2014).

Juliska suggests that it worked hastily by filing expedited copyright applications and bringing its request to amend the complaint soon after receiving the refusals from the Copyright Office. Juliska is correct that it could not assert copyright claims until the Copyright Office approved or rejected its applications, but it delayed for more than two years from at least August 2012, when it learned about Zodax's sales to September 9, 2014, when it filed its copyright applications (Proposed amended complaint, Ex. A). The Copyright Office rejected the applications on September 15. *Id*., ¶ 21. Then Juliska waited more than a month after receiving the Copyright Office's refusal to request filing a motion to amend.

"The longer the period of unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d. Cir. 1993). Here, Juliska provided no explanation why it waited more than two years in filing for copyright protection or why it waited more than a month to request to amend its complaint.

When Juliska finally determined that it would file suit on April 16, it could have filed its copyright applications and waited for the few days—six days here—for the Copyright Office to grant or reject its application. It also could have filed suit, filed its copyright applications, and amended the complaint early in the suit to add copyright claims. During the six months since Juliska filed suit, the parties concentrated on the trade dress and trademark claim in the original com-

Honorable Richard J. Sullivan
10/24/2014 2:01:00 PM~~October 24, 2014~~
Page 2



plaint. Further, discovery closes on December 5, and copyright claims would require substantial new discovery. Squeezing it into the next six weeks would be very difficult.

A defendant usually is not the party seeking a prompt resolution. Here, however, Juliska's claims are frivolous as explained below. Dragging out the suit with new claims with different elements from those in the original complaint only forces more litigation onto Zodax to its prejudice.

Juliska's trade dress claims require it to prove that (1) its trade dress acquired secondary meaning, (2) is not functional and (3) Zodax's glassware is likely to cause confusion as to source. *Wal-Mart Stores v. Samara Bros.*, 529 U.S. 205, 210, 213 (2000). Juliska must prove the first element, secondary meaning, because a "product design almost invariably serves purposes other than source identification." *Id*. at 213.

Courts refer to the "heavy burden" required to prove secondary meaning in product design trade dress cases. *See, e.g. Atlantis Silverworks v. 7th Sense*, No. 96 Civ. 4058, 1997 U.S. Dist. LEXIS 3158, at 11 (S.D.N.Y. Mar. 19, 1997). Except for the few cases with special circumstances not applicable here, proving secondary meaning requires evidence of "look-for" advertising, which directs the public to look for a particular feature as indicating source of the goods. "Look-for" advertising "encourages consumers to identify the claimed trade dress with the particular producer." *Yankee Candle Co. v. Bridgewater Candle Co.*, 259 F.3d 25, 44 (1st Cir. 2001). No document in Juliska's Rule 26(a)(1) initial disclosures showed any "look-for" advertising, and Juliska's Rule 34 document production this month has none. In addition, despite its proposed amended complaint having six exhibits, none show "look-for" advertising or Zodax using the JULISKA trademark.

Juliska's trademark infringement claim requires proof that its mark is valid (presumed with a registered mark) and Zodax's use of the mark is likely to cause confusion. *See 1- 800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 406-07 (2d Cir. 2005). No document in Juliska's initial disclosures or in its document production showed any use by Zodax's of the JULISKA trademark or of any confusingly similar term.

The only similarity between trade dress/trademark and copyright law is that they are considered intellectual property rights. However, their objectives are different. Trademark and trade dress law protects the seller and the public from confusion, but copyright protection encourages and rewards creators of original works. *See Warner Bros., Inc. v. Dae Rim Trading, Inc.*, 677 F. Supp. 740, 760 (S.D.N.Y. 1988).

Juliska's proposed, new copyright claim requires proof of ownership, validity and infringement. *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 108-09 (2d Cir. 2001). Ownership could become an issue because the copyright applications claim Juliska's ownership as works for hire. However, Juliska's advertising states that master craftsmen in the Czech Republic create the glassware. If those craftsmen merely produce designs created by a Juliska employee, they may be works for hire. However, if the craftsmen create their own designs or modify the designs from Juliska employees, the craftsmen (assuming they are not Juliska employees) may be authors and owners. Whatever the outcome, the parties might require discovery from Czech residents.

Copyright validity becomes an issue especially because the Copyright Office rejected Juliska's applications. Juliska did not attach the rejections to the proposed amended complaint, but Zodax assumes the rejections were based on lack of copyright subject matter. *See Feist Publ., Inc. v.*



*Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (holding that mere listing of names and addresses in White Pages was not copyrightable).

Because Juliska's glasses and vases are useful articles, the *Mazer v. Stein*, 347 U.S. 201 (1954), doctrine applies. *Mazer* held that a lamp with a sculpture as its base was not copyrightable though the sculpture could be copyrighted. *Id*. at 218. *See also* 17 U.S.C. § 101 (holding a work can be copyrightable if "sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article."). The shapes of Juliska's glassware are common. Therefore, an issue for copyright is whether the external designs, the "berries" and "threads," are separately copyrightable.

Infringement, another issue, turns on whether a defendant had access to the copyrighted work and whether the works are substantially similar. *See Hamil Am., Inc. v. GFI, Inc.*, 193 F.3d 92, 99 (2d Cir. 1999). But the proof requires the fact finder to determine similarity of the protected elements, not necessarily each glass or vase as a whole. *Conan Props. v. Mattel, Inc.*, 712 F. Supp. 353, 373 (S.D.N.Y. 1989). Therefore, permitting Juliska to amend the complaint will require Zodax to expend significant additional resources to conduct discovery and analyze the esoteric facts related to determining whether design features are protected elements.

The proposed amended complaint has two other new claims. Count 4 alleges federal false association under 15 U.S.C. § 1125(a), but it merely is another trademark infringement claim. Count 8, for promissory estoppel, alleges that Zodax promised Juliska it would not infringe Juliska's trade dress rights. Those claims fall with the trade dress claims because Juliska has no such rights. In addition, both claims could have been included in the original complaint. Therefore, the Court should deny Juliska's request to amend the complaint because its unexplained delay is inexcusable.

Just as Juliska asserted frivolous trade dress and trademark claims to force Zodax to defend, now that those claims could—should, Zodax believes—fall, adding copyright claims near the close of discovery is the only way for Juliska to keep the lawsuit active.

For these reasons, Zodax asserts that the Court should not permit this late filing of an amended complaint.

Sincerely,

SoCal IP Law Group LLP

/*Michael Harris*/

Michael D. Harris