

310 N. Westlake Blvd., Suite 120
Westlake Village, California 91362
direct phone +1 (805) 497-3488
office phone +1 (805) 230-1350
fax +1 (805) 230-1355
mharris@socalip.com

January 19, 2015

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
United States Courthouse                    **By Email and CM/ECF**
500 Pearl St.
New York, NY 10017-1312

   Re:   Penshurst Trading Inc. d/b/a Juliska v. Zodax L.P.
         No. 1:14-cv-02710-RJS (GWG)

 Subject:   Plaintiff Juliska's Request for Second Mediation

Dear Judge Gorenstein:

We are defendant Zodax's attorneys. We write to oppose plaintiff Juliska's request for a second mediation before your honor. For at least the four reasons listed below, mediation now is neither warranted nor well timed.

First, Juliska claims that the parties are at an impasse. "Impasse" has multiple meanings. It could mean that the parties already compromised substantially and are close on most terms, but they are unwilling to compromise further. Mediation may be valuable for those impasses. However, that is not what "impasse" means here. The parties here are at least as far apart as they were at the first mediation last August. That mediation lasted less than an hour, and neither side "moved." Zodax's settlement terms have remained the same since the lawsuit began, and even now, Juliska will not address those terms. Therefore, mediation now will be unproductive.

Second, mediation now is premature. Fact discovery closes on February 6, and information that the parties obtain during discovery should help their respective case evaluations. Zodax has two pending depositions, and Zodax has responses due to Juliska's second set of written discovery. Information obtained could help the parties evaluate their cases.

The parties' Rule 26 expert reports are due January 23 (Juliska) and February 13 (Zodax). Juliska especially needs expert testimony for its case in chief. Juliska has three principal claims, copyright, trademark and trade dress infringement. It has corresponding state law claims, but they succeed or fail with the federal claims.

Juliska's trade dress claims require it to prove that (1) its trade dress acquired secondary meaning, (2) is not functional and (3) Zodax's glassware is likely to cause confusion as to source. *Wal-Mart Stores v. Samara Bros.*, 529 U.S. 205, 210, 213 (2000). Juliska must prove the first element, secondary meaning, because a "product design almost invariably serves purposes other than source identification." *Id.* at 213.

For Juliska to show secondary meaning, it must show "look-for" advertising, which directs the public to look for a particular feature as indicating source of the goods. Neither Juliska's Rule 26(a)(1) initial disclosures nor any documents it produced showed any "look-for" advertising. Plaintiffs in trademark cases with weak or descriptive trademarks sometimes rely of consumer surveys to show secondary meaning (and likelihood of confusion). If Juliska produces a survey

Hon. Gabriel W. Gorenstein
January 19, 2015
Page 2



expert's report, that might affect Zodax's analysis of the trade dress claims. However, failure to produce such a report coupled with Juliska's failure to have any evidence of "look-for" advertising will confirm that Juliska's trade dress claim is frivolous.

Juliska also claims that Zodax used the JULISKA trademark. This is not a case where Zodax used something close to "Juliska" so that the parties need to argue if the word Zodax used is likely to cause public confusion. Juliska produced no evidence of Zodax use of any word even close to "Juliska." However, if Juliska continues to assert trademark infringement, it will need survey evidence through an expert on likelihood of confusion.

When the August mediation occurred, Juliska had not filed for copyright registrations, but Juliska added a copyright infringement claim in an amended complaint after it filed for registration. Juliska's glasses and vases are "useful articles" under the Copyright Act, which are not copyrightable. 17 U.S.C. § 101; *Brandir Int'l, Inc. v. Cascade Pac. Lumber Co.*, 834 F.2d 1142, 1143, 1145 (2d Cir. 1987) (holding "a bicycle rack made of bent tubing that is said to have originated from a wire sculpture" was not copyrightable because it was a useful article). To try to avoid a ruling that the copyright registrations are invalid, Juliska likely will need expert testimony. Zodax may introduce expert testimony on the "useful article" and other copyright issues.

Juliska also needs expert testimony on damages, but its Rule 26 initial disclosure and other evidence advances none. It needs expert testimony for any damage claims.

Third, Zodax was almost ready to file a summary judgment motion last October (Docket 46 (letter to court requesting a conference to file motion)). Almost simultaneously, Juliska requested a conference to file an amended complaint to add its copyright claim. The court granted Juliska's request and extended the close of discovery from December 5 to February 6. See Dockets 56 and 57. Zodax plans to ask the court's permission to file for summary judgment shortly after the February 6 close of discovery. The ruling on summary judgment—even the pendency of a motion—will affect the parties' willingness to compromise.

Fourth, another mediation now requires Zodax to come from California to New York again. Its attorney and vice president already came there for the August mediation. Zodax's president and vice president also flew to New York for their respective depositions. Though Zodax's vice president travels frequently to tradeshows, a trip to New York even for a brief mediation requires two days. Attorney fees and travel costs for Zodax's counsel's attendance also are expensive.

Mediation now with only one party requesting it is not warranted. However, if the court favors a second mediation, we believe it should be no earlier than April 6 or even later if a summary judgment motion is pending. Judge Sullivan ordered a post-discovery conference in New York on March 25, and any mediation after March 25 and after the court rules on summary judgment would be more productive.

Sincerely,

SoCal IP Law Group LLP

/Michael Harris/

Michael D. Harris

cc: All Counsel of Record (via ECF)