

**Michelle Mancino Marsh**
Direct 212.908.6180
mmarsh@kenyon.com

Kenyon & Kenyon LLP
One Broadway
New York, NY  10004-1007
212.425.7200
Fax 212.425.5288

January 26, 2015

**Via ECF and Email**

The Honorable Richard J. Sullivan
United States District Judge, S.D.N.Y.
40 Foley Square, Room 2104
New York, New York 10007
Email: SullivanNYSDChambers@nysd.uscourts.gov

Re:   *Penshurst Trading Inc. d/b/a Juliska v. Zodax L.P.*,
      C.A. No. 14-cv-02710 (RJS)(GWG) (SDNY)

**Plaintiff's Request for Dismissal of Action Without Prejudice**

Dear Judge Sullivan:

      We represent Plaintiff Penshurst Trading Inc. d/b/a Juliska ("Juliska") in the above referenced civil action. Pursuant to Rules 1.A and 2.A of Your Honor's Individual Practices, as well as paragraph 11 of this action's Case Management Plan and Scheduling Order (Dkt. 42), Juliska respectfully requests that pursuant to Fed. R. Civ. Pro. 41(a)(2), the Court dismiss this action without prejudice and that each party bear its own costs and fees.  A dismissal without prejudice will avoid wasting further judicial and party resources and will not prejudice Defendant.

      Juliska filed this action and the amended complaint seeking redress for, *inter alia*, trade dress and copyright infringement based on Defendant's sales of glassware products (the "Accused Products") that are confusingly and substantially similar to Juliska's trade dress and copyright protected works.  Dkt. 55.  Based on the infringement, Juliska has sought an injunction and damages.  Fact and expert discovery close in this action on February, 11, 2015, and March 13, 2015, respectively.  Dkts. 41, 61-2.

      Although Juliska has strong grounds for asserting liability and obtaining an injunction, its potential and need for redress from the Court is outweighed by mounting litigation costs.  During the course of fact discovery, Juliska learned that Defendant's sales of the Accused Products were low in comparison to the cost of continuing litigation.  Given the potential modest recovery, Juliska has attempted in good faith to settle this matter with Defendant including attending a mediation session in August with Magistrate Judge Gorenstein, business person to business person discussions starting on November 18, 2014, and, as recently as January 16, 2015, seeking to have Judge Gorenstein hold a settlement conference (Dkt. 59).  However, Defendant was

The Honorable Richard J. Sullivan
January 26, 2015
Page 2

Kenyon & Kenyon

unwilling to participate in a settlement conference before Judge Gorenstein and has been unwilling to settle this dispute.

Nevertheless, on January 21, 2015, Edward Cohanim, Vice-President for Defendant, communicated in writing to Plaintiff's President, David Gooding, that Defendant had nearly depleted its inventory of the Accused Products and had "moved on" to other styles of glassware. Despite this representation and Plaintiff giving Defendant every opportunity to resolve this matter, Defendant continues to aggressively litigate this matter by seeking additional depositions and serving a third party with a subpoena. Juliska sees no point in wasting party and judicial resources and burdening third parties at this time.

Preliminarily, even if Defendant objects, dismissal may be granted because Defendant asserted no counterclaims in response to the Amended Complaint in this action. *See* Fed. R. Civ. Pro. 41(a)(2); *see also* Dkt. 58; *Levitch v. Columbia Broad. Sys., Inc.*, 94 F.R.D. 292, 294 (S.D.N.Y. 1982) *aff'd*, 697 F.2d 495 (2d. Cir. 1983) ("After the filing of an amended pleading prior pleadings are deemed withdrawn unless specifically referred to"). Thus, the only claims at issue are Juliska's claims and a dismissal of such claims will benefit Defendant.

The decision whether to grant a motion for a voluntary dismissal rests with the discretion of the Court. *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996).

> Factors relevant to a court's decision whether or not to grant a motion to dismiss without prejudice include: [1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss.

*Catanzano v. Wing*, 277 F.3d 99, 109-110 (2d Cir. 2001). The Court should grant a dismissal without prejudice where a defendant will not suffer prejudice as determined by the above factors. *Id.* Moreover, the prospect of starting litigation over does not constitute legal prejudice. *Id.*

None of the factors weigh in favor of a finding of prejudice. Juliska has been diligent in bringing this motion when it became known that the Defendant has ceased selling the Accused Products and has no future plans to reorder them. "[F]or the plaintiff's delay to militate against a grant of dismissal, the [defendant] must show that it expended resources or otherwise detrimentally relied on a reasonable expectation that the plaintiff would pursue its remaining claims." *Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, 2006 WL 3456521, at *4 (S.D.N.Y. 2006). Shortly after Juliska learned of the modest damages in this case, it attempted to settle this matter to avoid unnecessary litigation, but it was Defendant which refused to do so. Juliska now raises this motion with the Court just days after Defendant finally represented it is ceasing its active, infringing behavior.

Nor has Juliska been unduly vexatious in this litigation. Its claims are not baseless or futile. *See* Dkt. 54; *see also Cartier, Inc. v. Sardell Jewelry, Inc.*, 294 Fex.Appx. 615, 617 (2d.

Cir. 2008) ("A product's trade dress encompasses the overall design and appearance that make the product identifiable to consumers. Section 43(a) of the Lanham Act protects trade dress."). In addition, Juliska has not engaged in dilatory or frivolous motion practice – it made one motion to amend its complaint prior to receiving any documents relating to damages, to add a copyright infringement claim after Plaintiff sought and eventually obtained protection for its glass works from the Copyright Office.

The potential for duplicative expense of relitigation is *de minimus*. Juliska is seeking a dismissal to end this litigation, not to relitigate this dispute. As Juliska concedes, the potential for damages is outweighed by the cost of litigation. Juliska primarily wishes to enjoin infringements of its copyright protected works and its trade dress. To the extent Defendant does not recommence manufacture and sale of the Accused Products, Juliska has no need or desire to relitigate this dispute.

Juliska merely seeks a dismissal without prejudice in order to end this litigation and avoid any preclusive effects in the event that Defendant recommences its infringing activities. The Second Circuit has held this to be an adequate explanation for a need to dismiss without prejudice. *Catanzano*, 277 F.3d at 110. Based on Defendant's discovery responses and representations concerning ceasing manufacture of the Accused Devices, Juliska is satisfied that its protected works will not continue to be copied by Defendant. *See e.g., GoSmile, Inc. v. Levine,* 2012 WL 1379065, *2 (S.D.N.Y. 2012) (holding dismissal without prejudice warranted where defendant ceased infringement and plaintiff desired to end the litigation but wanted to preserve its rights in case the defendant "reversed course"). Juliska has no desire to litigate a dispute where the litigation costs exceed the potential recovery. *See e.g., Government Employees Ins. Co. v. Hazel*, 2014 WL 4628655, at *23 (E.D.N.Y. 2014) ("It is logical for GEICO to seek to dismiss its claim if it believes that its prosecution would only lead to further litigation costs but no meaningful recovery.") Nor does Juliska wish to waste resources in order to obtain an injunction where the Defendant has already ceased manufacture of the Accused Products and indicated no likelihood of recommencing the infringing activity.

As such, Juliska respectfully requests leave to move or leave to submit a proposed order. Thank you for your consideration of the instant request. If you have any questions concerning the foregoing, please do not hesitate to contact me.

Respectfully submitted,

MMM/ECK

cc:   All counsel of record (via ECF).