

310 N. Westlake Blvd., Suite 120
Westlake Village, California 91362
direct phone +1 (805) 497-3488
office phone +1 (805) 230-1350
fax +1 (805) 230-1355
mharris@socalip.com

January 27, 2015

Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse     **By Email and CM/ECF**
40 Foley Square
New York, NY 10007

    Re:    Penshurst Trading Inc. d/b/a Juliska v. Zodax L.P.
            No. 1:14-cv-02710-RJS

Subject:    Response to Juliska's Request for to Dismiss Action without Prejudice

Dear Judge Sullivan:

Any dismissal should be with prejudice. In addition, the trademark and copyright statutes at issue have attorney fee provisions. Plaintiff Juliska's litigation actions fit the law warranting it to pay defendant Zodax's attorney fees and costs.

This lawsuit was frivolous when filed, and Juliska prosecuted it in the hopes that by bullying Zodax, Zodax would succumb as have others bullied by Juliska. From the outset, Juliska knew its case was unsound, but the attorney fees that Zodax would incur would dwarf and potential damages. Likewise, the risk of being assessed Zodax's attorney fees was low because most defendants try to settle early to avoid paying their own fees. Nevertheless, Juliska continued litigating, which burdened the Court and Zodax unfairly. To be released from this lawsuit, Juliska must make Zodax whole.

None of the factors plaintiff cites support dismissal without prejudice. Those factors include: (1) the plaintiff's diligence in bringing the motion; 2) any "undue vexatiousness" on plaintiff's part; 3) the extent to which the suit has progressed; 4) the duplicative expense of relitigation; and 5) the adequacy of plaintiff's explanation for the need to dismiss.

First, Juliska has not been diligent. It could have and should have dismissed this suit in its first weeks. After all, defendant Zodax told Juliska that Zodax had never used Juliska's trademark. Further, regardless of any similarity in their glassware, Zodax was emphatic that Juliska had no protectable trade dress because it never advertised that its many product designs identified Juliska as the source. The lawsuit was baseless, but Juliska continued to litigate. It even requested permission to file a preliminary injunction motion (Dkt. 7) after waiting almost two years after it knew about Zodax's sales. Juliska knew from the start that it could not prevail on any claims of its frivolous suit, but it finally realized that Zodax would not capitulate merely to avoid litigation expenses. Doing so would make Zodax a litigation target of other companies in its field.

Second, Juliska has acted with undue "vexatiousness." This lawsuit began without a claim for copyright infringement. It alleged that defendant Zodax was infringing a so-called "Berry & Thread" trade dress for glassware. To prevail, Juliska had to show secondary meaning, "when a consumer immediately associates the dress of the product with its source." *Sports Traveler, Inc. v. Advance Magazine Publ., Inc.*, 25 F. Supp. 2d 154, 164 (S.D.N.Y. 1998). Secondary meaning



is required because a "product design almost invariably serves purposes other than source identification." *Wal-Mart Stores v. Samara Bros.*, 529 U.S. 205, 213 (2000).

Juliska's trade dress claims are objectively baseless. When the lawsuit began, Juliska knew that it had done nothing to generate secondary meaning. It advertised products that allegedly contained the trade dress, but it advertised other products in the same catalogs. "To be probative of secondary meaning, the advertising must direct the consumer to those features claimed as trade dress. Merely 'featuring' the relevant aspect of the product in advertising is no more probative of secondary meaning than are strong sales." *Yankee Candle Co. v. Bridgewater Candle Co.*, 259 F.3d 25, 44 (1st Cir. 2001). Advertising that tells consumers that a trade dress identifies the advertiser is called "look-for" advertising. UPS's slogan, "What can Brown do for you?" is an example because UPS's trucks and drivers' uniforms tell consumers that "brown" identifies UPS. From the beginning of this lawsuit, Zodax told Juliska that without "look-for" advertising, Juliska would lose. Even with no evidence of "look-for" advertising, Juliska continued to press its trade dress claim.

Juliska's trademark claim is equally frivolous. Its original complaint alleged Zodax infringed a logo trademark comprising the word "Juliska" within a curved border. Zodax used neither the curved border nor the word "Juliska." When Juliska filed an amended complaint (Dkt. 55) in November, it dropped the logo trademark in favor of its trademarks for just the word "Juliska." Zodax has never used the trademark "Juliska" or any other confusingly similar term. When asked to produce documents showing Zodax's use of "Juliska" or any other confusingly similar term, Juliska produced nothing.

After Juliska retained new counsel in October (Dkt. 45), Juliska added a claim for copyright infringement. However, the subject matter of the copyrights is glasses and vases, which are useful articles that the Copyright Act does not protect. 17 U.S.C. § 101. See also *Brandir Int'l, Inc. v. Cascade Pac. Lumber Co.*, 834 F.2d 1142 (2d Cir. 1987), in which the work began as a wire sculpture, which was copyrightable. After the sculptor modified it to become a bicycle rack, "[f]orm and function are inextricably intertwined in the rack, its ultimate design being as much the result of utilitarian pressures as aesthetic choices." *Id.* at 1147. Thus, the rack was not copyrightable. Intellectual property attorneys practicing in the Second Circuit should be familiar with that court's treatment of alleged copyrights on useful articles.

Numerous other obstacles will stop Juliska's copyright claims. For example, page 11 of the amended complaint (Dkt. 55) shows substantial differences between Juliska's registered glassware and that of Zodax. Other evidence demonstrates that Juliska's allegedly original elements have been common in European glassware for hundreds of years. Many of these issues will be ripe for summary judgment after discovery closes.

Third, the lawsuit, which has continued for nine months, progressed too far to dismiss without prejudice. Zodax was ready to file a summary judgment motion last October before Juliska amended the complaint. See Dkt. 46. The court ordered Zodax to wait until February's close of discovery to file the motion. (Dkt. 54). Discovery closes in two weeks, and Zodax is ready upon the close of discovery now to file for summary judgment, after obtaining Court approval. Thus, Zodax has done what it could to end this lawsuit promptly.



Finally, Juliska's explanation for the need to dismiss is inadequate. It claims that it is dismissing because potential damages were too small to continue and because Zodax planned to stop selling the accused items. Juliska knew that potential damages were small from the start of the lawsuit. Even before Juliska filed suit, Zodax offered to stop selling the accused products if it could sell off its limited inventory, but Juliska refused and filed this frivolous suit. It wanted to force Zodax to spend money defending itself even though the suit was frivolous. Now, as a matter of justice, Juliska should compensate Zodax for the cost of defending against Juliska's baseless, frivolous suit.

Zodax should be awarded its attorney fees. Courts in Lanham Trademark Act cases—Juliska's trade dress and trademark claims—award prevailing defendants their attorney fees if the case is "exceptional." 15 U.S.C. § 1117. In *Contractual Obligation Prods., LLC v. AMC Networks, Inc.*, 546 F. Supp. 2d 120, 131-32 (S.D.N.Y. 2008), the court awarded defendant its attorney fees when plaintiff knew that it had no evidence to support an essential element of its Lanham Act claim. "[P]ursuit of a legal theory that plaintiff either knew or should have known was untenable implies bad faith warranting an award of fees under the Lanham Act." *Id*. at 129. *See also Vital Pharms., Inc. v. Am. Body Bldg. Prods., LLC*, 510 F. Supp. 2d 1043, 1052 (S.D. Fla. 2007) (awarding prevailing defendant its attorney fees where plaintiff had no evidence of secondary meaning in a Lanham Act trade dress case).

Under the Copyright Act's attorney fee provision, "[T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Trial courts have discretion to award attorney fees using several factors, including "(1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." *Bryant v. Media Right Prods.*, 603 F.3d 135, 144 (2d Cir. 2010). Courts also may consider other factors that are consistent with the Copyright Act's purposes. *See Fogerty*, 510 U.S. at 534 n.19.

Juliska's actions meet the tests for an award of attorney fees under the Lanham and Copyright Acts. Its claims are objectively baseless and frivolous. It knew Zodax never used the "Juliska" trademark, and it also knew that it could never begin to show the required secondary meaning. In addition, it knew that Second Circuit authority made its copyrights on its useful articles invalid.

Accordingly, Zodax requests that the Court deny Juliska's request to dismiss without prejudice.

Sincerely,

SoCal IP Law Group LLP

/*Michael Harris*/

Michael D. Harris

cc: All Counsel of Record (via ECF).