

310 N. Westlake Blvd., Suite 120
Westlake Village, California 91362
direct phone +1 (805) 497-3488
office phone +1 (805) 230-1350
fax +1 (805) 230-1355
mharris@socalip.com

January 29, 2015

Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse          **By Email and CM/ECF**
40 Foley Square
New York, NY 10007

  Re: Penshurst Trading Inc. d/b/a Juliska v. Zodax L.P.
    No. 1:14-cv-02710-RJS

 Subject: Response to Juliska's Request for to Suspend Discovery

Dear Judge Sullivan:

Even before plaintiff Juliska brought this frivolous trademark and trade dress lawsuit, defendant Zodax offered to cease selling the accused products after disposing of its limited inventory. Juliska sued anyway, but it did almost nothing to advance its suit. After Juliska retained new attorneys, they filed an amended complaint for copyright infringement but did little else. Juliska's settlement terms would have required Zodax to accept an injunction and payment of money, terms that Zodax would not accept because it had no liability.

Despite the lawsuit having no factual or legal support, Zodax still had to spend significant time and money defending itself. With the Court's permission following a ruling on the merits, Zodax will seek payment of attorney fees. Juliska knows that. Therefore, it wants to delay any ruling on the merits to avoid showing the Court that its case is frivolous.

Defendant Zodax does not seek to spend time and money for discovery that could be unimportant. However, the parties have little discovery left in the two remaining weeks until February 11 when discovery ends. The parties should complete that discovery now. Therefore, Zodax opposes the suspension of discovery that plaintiff Juliska requests.

Only the following discovery remains:

   1. Zodax noticed two depositions, which now are scheduled for February 10 and 11. First is that of Capucine Gooding, a Juliska officer and co-founder. Based on documents Juliska produced on January 16, Zodax believes that she designed some of Juliska's glassware. Her knowledge of Juliska's design process is relevant to Juliska's copyright infringement claim. The other witness is an ex-employee of Juliska, who was the Vice President of Design and Visual at Juliska. Juliska's document production on January 16 suggests that she was also involved in designing Juliska's glassware. She was served with a subpoena for a deposition in New York. At Juliska's request because of Ms. Gooding's schedule, we agreed to delay the depositions from February 3 and 4 to February 10 and 11. See the parties' January 21 joint letter to the Court, Dkt. 61, which asked to extend the close of discovery from February 6 until February 11 to accommodate the depositions.

   2. Juliska served written discovery on Zodax on December 31 and January 4. Zodax's responses are due February 2 and February 6, respectively. Zodax's responses are near com-



pletion. Although responses are not due until February 2 and 6, we previously contacted Juliska's attorneys to ask why several document requests relate to products that are not accused of infringement. Juliska's attorneys did not respond. In addition, Zodax served contention interrogatories on Juliska, and Juliska's responses are due before the close of discovery. Aside from the contention interrogatories, no other written discovery remains for Juliska.

Zodax is not interested in incurring any more in attorney fees than is required to defend against these frivolous claims. The very limited discovery that remains is discovery relating to the copyright claim, a claim that Juliska only added in November. If the Court suspends discovery and allows a dismissal without prejudice, then Juliska can claim to competitors that it only dismissed suit against Zodax because Zodax ceased selling the accused products. That will permit Juliska to assert similar frivolous claims against other potential defendants. However, if Zodax prevails on the merits, the adverse judgment will be there for defendants to read.

Therefore, since only limited discovery remains, Zodax requests that discovery not be suspended. Leaving the current schedule as is allows better planning for counsel and the witnesses.

Sincerely,

SoCal IP Law Group LLP

/*Michael Harris*/

Michael D. Harris

cc: All counsel of record by ECF