

**Michelle Mancino Marsh**
Direct 212.908.6180
mmarsh@kenyon.com

Kenyon & Kenyon LLP
One Broadway
New York, NY  10004-1007
212.425.7200
Fax 212.425.5288

February 9, 2015

**Via ECF and Email**

The Honorable Richard J. Sullivan
United States District Judge, S.D.N.Y.
40 Foley Square, Room 2104
New York, New York 10007
Email: SullivanNYSDChambers@nysd.uscourts.gov

Re:   *Penshurst Trading Inc. d/b/a Juliska v. Zodax L.P.*,
      C.A. No. 14-cv-02710 (RJS)(GWG) (SDNY)

**Plaintiff's Request for Dismissal of Action Without Prejudice**

Dear Judge Sullivan:

We represent Plaintiff Penshurst Trading Inc. d/b/a Juliska ("Juliska") in the above referenced civil action. Pursuant to Rules 1.A and 2.A of Your Honor's Individual Practices, as well as paragraph 11 of this action's Case Management Plan and Scheduling Order (Doc. No. 42), Juliska respectfully requests clarification of the Court's February 5, 2015 Order (Doc. No. 68). Since there is no formal order setting forth the precise terms of dismissal, we seek clarification of the terms so Juliska can consider whether or not to withdraw its motion pursuant to the Court's Order (Doc. No. 68).

The Court ordered that pursuant to Fed. R. Civ. Pro. 41(a)(2) the case should be dismissed with prejudice (unless Juliska withdraws its pending motion (Doc. No. 63)). We understand this to be *with prejudice* as to refiling a claim for damages for past infringement, but *without prejudice* to the filing of a new complaint should Defendant resume its infringing activity. Please advise us if we correctly understand the Court's Order so that Juliska may make an informed decision.

Juliska's ongoing concern and the reason it was forced to file suit was to protect Juliska's valuable intellectual property and halt ongoing infringements. Despite their representations to the contrary, Defendant has been less than forthcoming with its sales and inventory numbers both pre-litigation and after the suit was instituted. During pre-litigation discussions, Defendant failed to provide concrete inventory data and the representations of its inventory changed from a "few hundred" accused items to a "few thousand." During litigation, the inventory numbers increased to several thousand per accused item. Moreover, despite seeking a complete release from Juliska pre-suit, Defendant never provided an accounting of past sales. Juliska had no real sense of the

scope of existing inventory or past infringing sales, making an early settlement impossible. In addition, during discovery Juliska learned through the deposition of its president, that Defendant continued to receive infringing products from its supplier. To add to the mire, almost immediately after Juliska filed suit and before Defendant ever answered, Defendant demanded that they be paid for its attorneys' fees – again making settlement impossible.[1]

Nevertheless, Juliska needed to prevent the on-going infringement of its valuable intellectual property, including its registered copyrights. Once Defendant represented it was almost out of inventory and had "moved on" from selling the infringing products, Juliska decided that the mounting litigation costs outweighed the potential recovery.

If the Court's concern is potential prejudice to Defendant, Juliska wants to make clear that its request for dismissal without prejudice was only as to future, resumed infringement and it has no intent to sue Defendant for past acts of infringement and resulting damages. That is, Juliska fully understood and intended that the Court grant the motion on those terms (pursuant to Rule 41(a)(2)). Juliska is willing to accept dismissal with prejudice in that respect. However, Juliska needs to preserve its ability to pursue its viable claims should Defendant recommence infringing activity in the future and does not want there to be any question on the part of Defendant in this regard.

Therefore, if the intent and scope of the Court's order was as Plaintiff Juliska intended and understands it to be, which is with prejudice as to past acts of infringement only, then Juliska will accept dismissal with prejudice and will not withdraw is motion.

Respectfully submitted,

Michelle Mancino Marsh

MMM/ECK

cc: All counsel of record (via ECF).

---

[1] While we certainly cannot prevent Defendant from bringing a Motion for Fees, we note that as early as April 18, 2014 (pre-answer), Defendant's counsel threatened that unless Juliska pursued negotiations explicitly on Defendant's terms, "your client will find that it is dancing with a bear. Even if Juliska wants to stop dancing, the bear won't." Therefore, Defendant made it clear very early on that it would knowingly protract this litigation.