IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PENSHURST TRADING INC. d/b/a JULISKA,<br><br>*Plaintiff*,<br><br>v.<br><br>ZODAX L.P.,<br><br>*Defendant.* | Civil Action No. 14-cv-02710 (RJS)(GWG)<br><br>**Jury Trial Demanded** |

**PLAINTIFF PENSHURST TRADING INC. d/b/a JULISKA'S
OBJECTIONS TO DEFENDANT ZODAX L.P. BILL OF COSTS**

TO THE CLERK OF THIS COURT:

PLEASE TAKE NOTICE that, pursuant to Local Civil Rule 54.1(b), Plaintiff Penshurst Trading Inc. d/b/a Juliska ("Juliska"), by and through its undersigned counsel, hereby objects to Defendant Zodax L.P.'s ("Zodax") March 12, 2015 Bill of Costs (*Dkt*. 79) on the following grounds: (i) Zodax is not a prevailing party, and (ii) Zodax is not entitled to reimbursement of the costs set forth in its Bill of Costs because they do not comply with 28 U.S.C. § 1920 and Local Civil Rule 54.1.

**I.     Zodax is Not a "Prevailing Party"**

Pursuant to Fed.R.Civ.P. 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." However, Zodax was not a "prevailing party" in this action. In *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855, (2001), the U.S. Supreme Court held that "the term 'prevailing party' as used by Congress requires a 'judicially sanctioned change in the legal relationship of the parties.'"

1

*TRF Music Inc. v. Alan Ett Music Group, LLC*, 2006 WL 1376931, *1 (S.D.N.Y., May 18, 2006) (internal quotations omitted) (holding that even "[t]hough *Buckhannon* dealt with the attorneys' fee provisions under the FHAA and ADA, the Court made clear that its holding was equally applicable to the '"[n]umerous federal statutes [that] allow courts to award attorney's fees and costs to the 'prevailing party"') *quoting Buckhannon,* 532 U.S. at 600.

Under *Buckhannon*, "it is the nature of the judicial involvement in the outcome, rather than its practical effects, that determine whether one party has prevailed." *TRF Music Inc.*, 2006 WL 1376931 at *3. Here, as the Court correctly noted in its February 5 dismissal Order, the factors considered by a court when determining whether to grant a plaintiff's voluntary dismissal request under Fed.R.Civ.P. 41(a)(2) are set forth in *Zagano v. Fordham Univ.*, 900 F.2d 12 (2d Cir. 1990). *See Dkt.* 68. Notably, *none* of the *Zogano* factors include examining the merits of the plaintiff's claims. Indeed, the *Zogano* factors are:

> "'[1] plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss.'" *Dkt.* 68 at 2 *quoting Zogano*, 900 F.2d at 14.

Thus, while Zodax was "likely pleased after the dismissal[]," and likely considered [itself] the victor[]," Zodax did not secure a dismissal of this action by prevailing on the merits of Juliska's claims. *TRF Music Inc.*, 2006 WL 1376931, at *3. Instead, Juliska's voluntary dismissal of this action under Fed.R.Civ.P. 41(a)(2) rendered any success that Zodax claims to have achieved therein "purely technical or *de minimis* [,] [which] does not qualify [Zodax] as a prevailing party." *Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1126 (2d Cir. 1989). Accordingly, Zodax's Bill of Costs should be denied in its entirety.

**II.     Zodax is Not Entitled to Reimbursement of the Costs Set Forth in its Bill of Costs**

Zodax is not entitled to reimbursement of the costs set forth in its Bill of Costs because they do not comply with 28 U.S.C. § 1920 and Local Civil Rule 54.1, which govern requests for costs. As background, "Rule 54(d)(1) does not *require* courts to award costs to prevailing defendants." *Marx v. General Revenue Corp.*, 133 S.Ct. 1166, 1184 n.9, 185 L.Ed.2d 242 (2013). (emphasis in original). Furthermore, "taxable costs are limited by statute and are modest in scope." *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S.Ct. 1997, 2006, 182 L.Ed.2d 903 (2012).

Moreover, as the Court held in *Balance Point Divorce Funding, LLC v. Scrantom*, the interplay between recoverable costs under § 1920 and recoverable costs under Rule 54.1 is as follows:

> "Local Civil Rule 54.1 governs to the extent that the Local Rule addresses a particular cost; however, if the Local Rule does not speak to a specific cost, then the Court must apply 28 U.S.C. § 1920's more expansive standard." *Balance Point Divorce Funding, LLC v. Scrantom*, 2015 WL 997718, *2 (S.D.N.Y., March 6, 2015).

*See also In re Omeprazole Patent Litigation*, 2012 WL 5427849, *5 (S.D.N.Y., Nov. 7, 2012) ("[T]he Court will tax all costs enumerated in § 1920 except that, to the extent that Local Civil Rule 54.1 speaks to a specific cost, its provisions govern.").

Local Civil Rule 54.1(c) lists nine (9) categories of recoverable costs, namely: "(1) transcripts; (2) depositions; (3) witness fees, travel expenses and subsistence; (4) interpreting costs; (5) exemplification of copies and papers; (6) maps, charts, models, photographs and summaries; (7) fees of masters, receivers, commissioners and court appointed experts; (8) costs for title searches; and (9) docket and miscellaneous fees."

Furthermore, 28 U.S.C. § 1920 lists six (6) specific categories of recoverable costs, namely: "(1) fees of the clerk and marshal; (2) fees for printed or electronically recorded

transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; [and] (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

As discussed *infra*, Zodax is not entitled to reimbursement for the costs it allegedly incurred in connection with: (i) deposition transcripts; (ii) private investigator and witness fees and costs; (iii) document copying; (iv) *pro hac vice* admission fees; and (v) docket fees.

### A. Deposition Transcripts: $3,904.75

Zodax seeks reimbursement in the amount of $3,904.75 for the costs it allegedly incurred in connection with the following deposition transcripts: (i) David W. Gooding ($1,796.50); (ii) Edward Cohanim ($1,019.95); and (iii) Philip Cohanim ($1,088.30). *See Dkt.* 79-2 at Exhs. 1-3. Pursuant to Rule 54.1(c)(2):

> "[T]he original transcript of a deposition, plus one copy, is taxable if the deposition was <u>used or received in evidence at the trial</u>, whether or not it was read in its entirety. Costs for depositions are also taxable if they were <u>used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion</u>. <u>Costs for depositions taken solely for discovery are not taxable</u>." (emphasis supplied).

Here, Zodax admits that this action never went to trial. *See Dkt.* 79-1 at ¶ 3 ("there was no trial."). Moreover, Zodax never filed a summary judgment or other dispositive motion in this action. *See Dkts.* 1-79. As such, the depositions-at-issue were "taken solely for discovery." Accordingly, Zodax is not entitled to reimbursement of any portion of the $3,904.75 in costs it allegedly incurred in connection with the deposition transcripts. *See DiBella v. Hopkins*, 407 F.Supp.2d 537, 540-41 (S.D.N.Y. 2005) ("Here, Hoffman's deposition was not used at trial or on

4

any substantive dispositive motion. It was purely a discovery deposition, taken as part of counsel's efforts to prepare for trial. Accordingly, the Clerk correctly disallowed this item.").

### B. Private Investigator and Witness Fees and Costs for Non-Party: $490

Zodax seeks reimbursement for the $490 in costs that it allegedly incurred in connection with non-party witness Ms. Elaine McCleary. Specifically, Zodax seeks $375 in fees for "same day emergency service" of a subpoena upon Ms. McCleary, as well as $75 in "gas/tolls"—ostensibly incurred by Zodax's process server. *See Dkt.* 79-2 at Exh. 4. Zodax also seeks reimbursement for the $40 witness fee that it tendered Ms. McCleary. *See id.*

As an initial matter, Zodax is not entitled to reimbursement of the $40 witness fee tendered to Ms. McCleary because she never testified in this action. *See In re Omeprazole Patent Litigation*, 2012 WL 5427849 at *5 ("Under Local Civil Rule 54.1(c)(3). '[w]itness fees and travel expenses authorized by 28 U.S.C. § 1821 are taxable if the witness testifies'"). (emphasis supplied).

Moreover, the costs allegedly incurred for Zodax's private process server should also be denied or limited. "The Second Circuit has recognized that there is a trend to substitute private process servers for U.S. Marshals and the courts have discretion to grant appropriate process server fees to the extent that they do not exceed the costs that would have been incurred had the Marshal's office effected service." *Sim v. New York Mailers' Union Number No. 6*, 1999 WL 674447, *4 (S.D.N.Y., Aug. 30, 1999) ("there is no indication that 'actual' process server fees must be awarded. Accordingly, I find it fair, reasonable and within my discretion to award an amount comparable to the rates charged by the marshal.")

Pursuant to 28 C.F.R. § 0.114(a)(3), the U.S. Marshals charge "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus

travel costs and any other out-of-pocket expenses." Here, Zodax makes no showing that it would have a taken a U.S. Marshal more than one (1) hour to effect service upon Ms. McCleary. Furthermore, Zodax "h[as] not made any showing that [Juliska] should be required to bear the cost of expedited service […]." *Morales v. Smith*, 1998 WL 352595, *2 (S.D.N.Y., June 26, 1998). Indeed, Zodax proffers no explanation for why it ostensibly waited until the last minute to effect service upon Ms. McCleary, thereby incurring the higher costs attendant to expedited service. Accordingly, Zodax is entitled at most to $65 for the alleged costs associated with its expedited private process server. *See Kariban v. Columbia University*, 1997 WL 2538, *1 (S.D.N.Y., Jan. 3, 1997) ("The Marshal's office [was then only] authorized to charge a fee of $40 for service of a subpoena requiring two duty hours. There is no indication that more than two hours was needed. Therefore, the court allows $40 and Urban's costs are reduced by $28.50."). (internal citations omitted).

    **C.    Document Copying: $1,286.45**

Zodax's Bill of Costs lists a total of $1,961.00 for "[f]ees for exemplifications and copies of papers necessarily obtained for use in the case." *Dkt*. 79. Zodax's attorney's supporting declaration states that "Exhibit 5 [thereto] is a true and correct copy of the invoice from the copy service for copying the documents made available only for inspection and copying." *Dkt.* 79-1 at ¶ 7. However, the invoice in Exhibit 5 is only for $1,286.45. *See Dkt.* 79-2 at Exh. 5. Accordingly, Zodax is not entitled to the $674.55 in alleged fees incurred to copy documents for which it fails to proffer itemized, documentary proof. *See Dkt.* 79 ("SPECIAL NOTE: <u>Attach</u> to your bill an <u>itemization and documentation</u> for requested costs in all categories."). (emphasis supplied).

Moreover, Zodax is not entitled to reimbursement of the $1,286.45 reflected in the invoice from its vendor. Local Rule 54.1(c)(5) governs the costs of copying documents. Specifically, Local Rule 54.1(c)(5) provides: "[a] copy of an exhibit is taxable if the original was not available <u>and</u> the copy was used or received in evidence. The cost of copies used for the convenience of counsel or the Court are not taxable." Here, as discussed *supra*, Zodax readily admits that no trial occurred. Furthermore, Zodax admits that its vendor copied documents in connection with Juliska's document production, *not* that its vendor prepared exhibits. Accordingly, Zodax is not entitled to reimbursement of the $1,286.45 in alleged copying costs under Local Civil Rule 54.1(c)(5).

Furthermore, to the extent that Zodax seeks reimbursement of the $1,286.45 in alleged copying costs under § 1920, Zodax's request should be denied. Section 1920(4) provides for reimbursement of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

The vendor invoice suggests that 1,948 pages of documents were copied; however, neither Zodax's attorney's supporting declaration nor Zodax's vendor's invoice indicate *what* documents were copied. *See In re Omeprazole Patent Litigation*, 2012 WL 5427849 at *8 (holding that document-copying "costs may be taxed where the prevailing party provides documentation of what documents were copied [...].").

Moreover, Zodax's vendor's invoice suggests that it charged Zodax 65 cents to scan each page in color. However, Zodax fails to explain why it needed color copies. Furthermore, "[f]or photocopying, the 'going rate' in this district is 10 cents per page." *Febus v. Guardian First Funding Group, LLC*, 870 F.Supp.2d 337, 341 (S.D.N.Y. 2012); *see also Torres v. Gristede's Operating Corp.*, 2012 WL 3878144, *5 (S.D.N.Y., Aug. 6, 2012) ("The Court reduces Plaintiffs'

photocopying rate from twelve cents per page to ten cents, which is consistent with rates typically awarded in this district"); and *Hernandez v Goord*, 2014 WL 4058662, *9 (S.D.N.Y., Aug. 14, 2014) (the court limiting the plaintiff's cost recovery for scanning documents to "ten-to-twelve cents per page.").

### D. *Pro Hac Vice* Admission Fees: $400

Zodax seeks reimbursement for the $400 in costs that it allegedly incurred in connection with filing *pro hac vice* applications for Steven C. Sereboff and M. Kala Sarvaiya. *See Dkt.* 79-2 at Exh. 6. However, *pro hac vice* admissions fees are not recoverable as "costs" under Rule 54.1 or § 1920.

Specifically, both Rule 54.1(c)(10) and § 1920 allow for the recovery of "[f]ees of the clerk and marshal." Clerk and marshal fees are set forth in § 1914. *See Kalitta Air L.L.C. v. Central Texas Airborne System, Inc.*, 741 F.3d 955, 957 (9th Cir. 2013) ("[W]e conclude § 1920(1)'s reference to fees of the clerk draws its meaning from 28 U.S.C. § 1914 […]."). Yet, § 1914 does not list *pro hac vice* admission fees. Furthermore, § 1914(b) provides that the "clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." Notably, the Judicial Conference prescribes a $176 fee "[f]or original admission of attorneys to practice," but makes no references whatsoever to *pro hac vice* admission fees, which allow for *temporary* admission of attorneys to practice. *See* http://www.uscourts.gov/FormsAndFees/Fees/DistrictCourtMiscellaneousFeeSchedule.aspx.

Accordingly, Zodax is not entitled to reimbursement of the $400 in *pro hac vice* fees that it allegedly incurred for the privilege of its out-of-state attorneys to represent it in this district on a temporary basis, especially when it was represented by more than competent local counsel admitted to practice law in this district. *See Hernandez,* 2014 WL 4058662 at *9 ("Given the

8

presence of several attorneys admitted to practice in the Southern District of New York on plaintiff's team, the $200 *pro hac vice* admission fee is not an expense to be borne by defendants […]; the court then subtracting the "impermissible" "*pro hac vice* admission costs" from the plaintiff's cost award"); *see also Solomon v. Allied Interstate, LLC*, 2013 WL, *2 (S.D.N.Y., Oct. 7, 2013) ("Plaintiffs may not, however, recover the pro hac vice filing fee […]"); *Kalitta Air L.L.C.*, 741 F.3d at 957 (*"Accordingly, because § 1914(b) allows a clerk to collect only those fees prescribed by the Judicial Conference, and the Judicial Conference has not specifically provided for pro hac vice fees, we conclude that § 1920(1) does not allow for an award of pro hac vice fees as taxable costs. This conclusion also comports with the Supreme Court's recent statements emphasizing that 'taxable costs are limited by statute and are modest in scope.'"*).

**E.    Docket Fee: $5**

Zodax's Bill of Costs lists $5 for alleged "[d]ocket fees under 28 U.S.C. § 1923." *Dkt.* 79. However, despite the Bill of Cost's requirement that Zodax attach "an itemization of documentation for requests costs in all categories," Zodax fails to provide any documentation regarding the alleged $5 docket fee. Accordingly, Zodax is not entitled to an award of $5.

9

DC01 1063032 v1

Dated: March 25, 2015
      New York, New York        Respectfully submitted,

*[signature]*

Michelle Mancino Marsh
Jonathan W. Thomas
KENYON & KENYON LLP
One Broadway
New York, New York 10004
Tel.: (212) 425-7200
Fax: (212) 425-5288
Email: mmarsh@kenyon.com
Email: jthomas@kenyon.com


Edward Colbert (admitted *pro hac vice*)
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005
Tel.: (202) 220-4200
Fax: (202) 220-4201
Email: ecolbert@kenyon.com

*Attorneys for Plaintiff*
*Penshurst Trading Inc. d/b/a Juliska*

**CERTIFICATE OF SERVICE**

It is hereby certified that, on March 25, 2015, a true and correct copy of the foregoing **Plaintiff Penshurst Trading Inc. d/b/a Juliska's Objections to Defendant Zodax L.P. Bill of Costs,** was served via the Court's Electronic Case Filing system upon the following counsel of record for Defendant Zodax L.P.

>Michael Harris
>M. Kala Sarvaiya
>Steven C. Sereboff
>SOCAL IP LAW GROUP LLP
>310 North Westlake Blvd., Suite 120
>Westlake Village, CA 91362-3788
>mharris@socalip.com
>ksarvaiya@socalip.com
>ssereboff@socalip.com
>
>Philip Furgang
>FURGANG & ADWAR, L.L.P.
>1325 Avenue of the Americas, 28th Floor
>New York, New York 10019
>philip@furgang.com
>
>*Attorneys for Defendant Zodax L.P.*


>*/s/ Jonathan W. Thomas*
>Jonathan W. Thomas
>KENYON & KENYON LLP
>One Broadway
>New York, New York 10004
>Tel.: (212) 425-7200
>Fax: (212) 425-5288
>Email: jthomas@kenyon.com
>
>*Attorneys for Plaintiff*
>*Penshurst Trading Inc. d/b/a Juliska*